POMERANTZ LLP
Gustavo F. Bruckner
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  gfbruckner@pomlaw.com

*Attorney for Movants*
[Additional Counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM WILSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AURORA CANNABIS INC., TERRY BOOTH, STEPHEN DOBLER, GLEN IBBOTT, CAM BATTLEY and MICHAEL SINGER,<br><br>Defendants. | Case No. 2:19-cv-20588-JMV-JBC<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE AURORA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |
| ANDREW L. WARREN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AURORA CANNABIS INC., TERRY BOOTH, STEPHEN DOBLER, GLEN IBBOTT, CAMERON BATTLEY, MICHAEL SINGER and JASON DYCK,<br><br>Defendants. | Case No. 2:20-cv-00555-JMV-CBC |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS ..............................................................................4

ARGUMENT ...................................................................................................5

    A.    THE RELATED ACTION SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................................................................................5

    B.    THE AURORA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ........................................................................7

        1.    The Aurora Investor Group is Willing to Serve as a Class Representative .................................................................................8

        2.    The Aurora Investor Group Has the "Largest Financial Interest" ......................................................................................9

        3.    The Aurora Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ...............................................................................10

        4.    The Aurora Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ........................................................................13

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...............................................................................14

CONCLUSION..............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ..........................................................................6

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ...........................................................................11, 12

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................6

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y.
   July 29, 2009)..........................................................................................................6

*In re Lucent Techs. Sec. Litig.*,
   194 F.R.D. 137 (D.N.J. 2000)...............................................................................11

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ............................................................................14

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ...........................................................................5

*In re Vonage Initial Pub. Offering Secs. Litig.*,
   No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6,
   2007) .....................................................................................................................12

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......................................9

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993) ...................................................................................5

*Patel v. Zoompass Holdings, Inc.*,
   No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept.
   20, 2017) .................................................................................................................9

*Rubenstahl v. Philip Morris Int'l, Inc.*,
   No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309 (D.N.J.
   Feb. 13, 2019) ...................................................................................................9

*Sklar v. Amarin Corp. PLC*,
   Nos. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051
   (D.N.J. July 29, 2014).....................................................................................11

*Smith v. Antares Pharma, Inc.*,
   No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964
   (D.N.J. July 27, 2018)......................................................................................9

**Statutes**

15 U.S.C. §78j(b) ...............................................................................................2

15. U.S.C. §78t(a) ..............................................................................................2

15 U.S.C. §78u-4.........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 .......................................................................................*passim*

Fed. R. Civ. P. 42 ......................................................................................3, 5, 11

**Other Authorities**

17 C.F.R. §240.10b-5.........................................................................................2

Bai Chao Chen and Michael Wood (collectively, the "Aurora Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 42 and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing the Aurora Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of Aurora Cannabis Inc. ("Aurora" or the "Company") between October 23, 2018 and January 6, 2020, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The initial complaints in the Related Actions (collectively, the "Complaints") allege a very significant fraud perpetrated on Aurora's investors during the Class Period. The ability of Aurora investors to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA. The Aurora Investor Group is the best choice to serve as Lead Plaintiff. Its chosen counsel, Pomerantz, will devote the resources and expertise necessary to

1

zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

During the Class Period, Aurora and certain of its officers (collectively, "Defendants") allegedly defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Aurora's business and operations.   Aurora investors, including the Aurora Investor Group, incurred significant losses resulting from the revelation of this fraud.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). the Aurora Investor Group, a cohesive partnership of two investors who collectively: (i) purchased 232,365 shares of Aurora stock during the Class Period; (ii) expended $1,241,251 on its Class Period purchases of Aurora stock; (iii) retained 177,365 shares of Aurora stock at the end of the Class Period; and (iv) incurred losses of approximately $672,756 in connection with its Class Period purchases of Aurora securities, believes that it has the largest financial interest in the relief sought in this action.  *See* Declaration of Gustavo F. Bruckner ("Bruckner Decl."), Ex. A.

2

Beyond their considerable financial interest, the Aurora Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its responsibilities as Lead Plaintiffs and vigorously prosecute this action on behalf of the Class, the Aurora Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France. *See* Bruckner Decl., Ex. B.

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact. Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged fraudulent misconduct. As such, the Related Actions involve common questions of both law **and** fact, and consolidation is plainly warranted.

3

Accordingly, based on its very significant financial interest, the Aurora Investor Group respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving its selection of Lead Counsel.

## STATEMENT OF FACTS

As the Complaints in the Related Actions allege, Aurora is headquartered in Edmonton, Alberta, Canada. The Company markets and sells cannabis, hemp, cannabis devices and related products in the cannabis consumer and medical markets.

Throughout the Class Period, the Defendants failed to disclose that: (i) the Defendants had materially overstated the demand and potential market for Aurora's consumer cannabis products; (ii) Aurora's ability to sell products had been materially impaired by extraordinary market oversupply, including oversupply that was the product of Aurora's own aggressive ramp in production capacity; (iii) Aurora's spending growth and capital commitments were slated to exceed its revenue growth; (iv) as a result for the foregoing, Aurora faced heightened liquidity concerns and the need to significantly curtail capital expenditures, including the cessation of development of the Company's Aurora Sun and Aurora Nordic 2 facilities: (v) Aurora had violated German law mandating that companies receive special permission to distribute medical products exposed to regulated irradiation techniques, threatening its primary European market

4

access; and (vi) all of the foregoing had negatively impacted the Company's business, operations and prospects and impaired its ability to achieve profitability as represented by Defendants.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities when the truth about Aurora's business and operations finally emerged, the Aurora Investor Group and other Class members have suffered significant losses and damages.

<b><u>ARGUMENT</u></b>

**A.    THE RELATED ACTION SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Fed. R. Civ. P. 42(a).    See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338,

5

344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against Aurora, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Aurora's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5

6

("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

### B.    THE AURORA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Aurora Investor Group should be appointed Lead Plaintiff because, to the best of its counsel's knowledge, it has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Aurora Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Aurora Investor Group is Willing to Serve as a Class Representative

On November 21, 2019, counsel for plaintiff in the first of the Related Actions to be filed caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against the Defendants, and advised investors in Aurora securities that they had until January 21, 2020—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Bruckner Decl., Ex. C.

The Aurora Investor Group has filed the instant motion pursuant to the Notice, and its members have attached signed Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Bruckner Decl., Ex. D. Accordingly, the Aurora Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

8

### 2.     The Aurora Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of its counsel's knowledge, the Aurora Investor Group has the largest financial interest of any member of the putative Class seeking appointment as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).  The *Lax* factors have been adopted by courts nationwide, including this Judicial District.  *See*, *e.g.*, *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (citing *Cendant*, 264 F.3d at 262); *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *4-*5 (D.N.J. July 27, 2018); *Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765, at *2-*3 (D.N.J. Sept. 20, 2017).

During the Class Period, the Aurora Investor Group (1) purchased 232,365 shares of Aurora stock; (2) expended $1,241,251 on its purchases of Aurora stock;

9

(3) retained 177,365 shares of Aurora stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $672,756 in connection with its Class Period purchases.[1]  *See* Bruckner Decl., Ex. A.  Because the Aurora Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.   15 U.S.C.  §  78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   The Aurora Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In determining that Lead Plaintiff satisfies the requirements of Rule 23, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this stage of the litigation] and should be left for consideration of a motion for class certification."

---

[1] The Aurora Investor Group's losses are the same whether calculated on a first-in, first-out ("FIFO") or last-in, first-out ("LIFO") basis.

*In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 149 (D.N.J. 2000) (quoting *Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-*8 (M.D. Fla. Feb. 6, 1997)). *See also Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014) ("only a preliminary showing of both typicality and adequacy is necessary"). Moreover, "[t]he Rule 23 inquiry focuses [only] on the 'typicality' and 'adequacy' requirements at this stage of the litigation." *Id.*

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the Aurora Investor Group are typical of those of the Class. The Aurora Investor Group alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Aurora, or omitted to state material facts necessary to make the statements they did make not misleading.

11

The Aurora Investor Group, as did all members of the Class, purchased Aurora securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *19 (D.N.J. Sept. 6, 2007) (quoting *Cendant*, 264 F.3d at 265).  *See also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Aurora Investor Group is an adequate representative for the Class.  As set forth in greater detail below, the Aurora Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for

12

approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between the Aurora Investor Group's interests and the interests of the Class. The Aurora Investor Group's members have submitted signed Certifications declaring their commitment to protect the interests of the Class. Bruckner Decl., Ex. D. Further, there is no evidence of antagonism or conflict between the Aurora Investor Group's interests and the interests of the Class. The significant losses incurred by the Aurora Investor Group demonstrates that it has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution.

### 4. The Aurora Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the Aurora Investor Group as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Aurora Investor Group to fairly and adequately represent the Class has been discussed above. The Aurora Investor Group is not aware of any unique defenses Defendants could raise that would render it

13

inadequate to represent the Class. Accordingly, the Aurora Investor Group should be appointed Lead Plaintiff for the Class.

> ### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Aurora Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Bruckner Decl., Ex. B. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In*

14

*re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.  In the District of New Jersey, Pomerantz currently serves as co-lead counsel in the action *Roofers' Pension Fund v. Papa*, 2:16-cv-02805, a securities class action on behalf of investors in the securities of Perrigo Company plc, in which the firm recently secured an order certifying three classes of investors.

The Aurora Investor Group's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Aurora Investor Group's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Aurora Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Aurora Investor Group as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:   January 21, 2020

                                    Respectfully submitted,

                                    POMERANTZ LLP

15

*/s/ Gustavo F. Bruckner*
Gustavo F. Bruckner
Jeremy A. Lieberman*
J. Alexander Hood II*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665
gfbrucknew@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom*
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:   (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for the Aurora Investor Group
and Proposed Lead Counsel for the
Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein*
60 East 42nd Street, Suite 4600
New York, New York 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for the Aurora
Investor Group*

(*pro hac vice* application to be filed)

16