**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AURORA CANNABIS INC., et al.,<br><br>*Defendants*. | Civil Action No. 19-20588<br>(JMV)(JBC) |
| ANDREW L. WARREN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AURORA CANNABIS INC., et al.,<br><br>*Defendants*. | Civil Action No. 20-555<br>(JMV)(JBC)<br><br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of multiple motions to consolidate, appoint lead plaintiff, and appoint class counsel pursuant to the Private Securities Litigation Reform Act ("PSLRA"). D.E. 8, 9, 10, 11.[1] The Court reviewed the submissions made in support and in opposition, and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the parties' motions

---

[1] All docket entries refer to Civ. No. 19-20588, unless otherwise indicated.

to consolidate, D.E. 8, 9, 10, 11, are **GRANTED**.  The motion filed by Doug Daulton, Francisco Quintana, Matt Golis, Donald S. Parish, and Quang Ma (collectively, the "Daulton Group") for appointment of lead plaintiff and class counsel, D.E. 11, is **GRANTED**.  The remaining motions for appointment of lead plaintiff and class counsel, D.E. 8, 9, 10, are **DENIED**.[2]

## I.      BACKGROUND

This matter involves two putative class actions filed pursuant to the Securities Exchange Act of 1934 (the "1934 Act").  Both cases allege that Defendants Aurora Cannabis Inc. ("Aurora") and certain Aurora officers (collectively, "Defendants") made false and/or misleading statements that concealed adverse information and misled investors about Aurora's financial health.  The *Wilson* case, Civ. No. 19-20588, brings suit on behalf of all persons or entities who purchased or otherwise acquired publicly traded Aurora securities between  September 11, 2019 and November 14, 2019.  D.E. 1, ¶ 1.  The *Warren* case, Civ. No. 20-555, brings suit on behalf of all persons or entities who purchased or otherwise acquired publicly traded Aurora securities between  October 23, 2018 and January 6, 2020.  D.E. 1, ¶ 1, Civ. No. 20-555.

On November 21, 2019, Plaintiff William Wilson filed his class action complaint.  D.E. 1. On January 16, 2020, Plaintiff Andrew L. Warren filed his class action complaint.  D.E. 1, Civ. No. 20-555.  The PSLRA requires that notice be published in the first-filed action informing putative class members of, *inter alia*, their right to seek appointment as lead plaintiff within 60 days of such notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Notice was timely published in the *Wilson* case on November 21, 2019, which indicated that any class member seeking appointment as lead plaintiff must move no later than January 21, 2020.  *See* D.E. 11-3, Ex. A.  In response, on January

---

[2] The Court notes that movant FTW Trading, LLC also filed a motion in Civ. No. 20-555.  The Court likewise denies this motion.

21, 2020, four movants filed motions in the *Wilson* case to serve as lead plaintiff, to consolidate the *Warren* case into the *Wilson* case, and to appoint class counsel: (1) Bai Chao Chen ("Chen") and Michael Wood ("Wood"); (2) FTW Trading, LLC ("FTW"); (3) Dilip Parmanand ("Parmanand"); and (4) Doug Daulton, Francisco Quintana, Matt Golis, Donald S. Parish, and Quang Ma (the "Daulton Group"). D.E. 8, 9, 10, 11. On February 4, 2020, movants Chen, Wood, FTW, and Parmanand filed notices of non-opposition to the Daulton Group's motion. D.E. 12, 13, 14. Accordingly, the Daulton Group's motion, D.E. 11, is unopposed.

## II.   ANALYSIS

### A. Motion to Consolidate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," a court must decide the motion to consolidate before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Federal Rule of Civil Procedure 42(a), cases may be consolidated if they involve "a common question of law or fact." Here, the two suits at issue rely on the same or similar allegations regarding Aurora's financial health, name overlapping defendants, and assert claims arising out of § 10(b) (and the corresponding Rule 10b-5) and § 20(a) of the 1934 Act. In short, the two matters involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay. *See, e.g.*, *Garcia v. Intelligroup, Inc.*, No. 04-4980, 2005 WL 6074922, at \*2 (D.N.J. Aug. 10, 2005) (consolidating securities class actions because the cases arose from the same set of facts, and "[e]ach of the Related Actions [was] filed pursuant to various provisions of the federal securities laws, and name[d] the same or similar defendants"). As a result, the parties' motions to consolidate are **GRANTED**.

3

### B. Motion to Appoint Lead Plaintiff

The PSLRA also requires the Court to "appoint as lead plaintiff the member or members of the purported class that the Court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, courts "adopt a presumption that the most adequate plaintiff" is the person or group of persons that "has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii). In deciding a motion to appoint a lead plaintiff, a court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), "and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification." *Sapir v. Averback*, No. 14-7331, 2015 WL 858283, at *2 (D.N.J. Feb. 26, 2015) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 924 (3d Cir. 1992)). The presumption may be rebutted if the presumptively lead plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv).

Here, the Daulton Group is the presumptive lead plaintiff. The Daulton Group lost approximately $3,420,718 as a result of Aurora's alleged material misstatements and omissions. *See* D.E. 11-5, Ex. C. The Daulton Group maintains that this is the largest known financial interest in the relief sought by the class, D.E. 11-1 at 8, and no other party that filed a motion asserted that it lost a comparable amount. Indeed, movants Chen, Wood, FTW, and Parmanand filed notices of non-opposition acknowledging that they do not possess the largest financial interest in the relief sought by the class. *See* D.E. 12, 13, 14.

Moreover, based on the information currently available, the Daulton Group also satisfies the requirements of Rule 23(a). Namely, the Daulton Group, like other members of the proposed

class, seeks to recover the losses that it incurred as a result of Defendants' alleged misrepresentations and omissions. In addition, given its substantial financial losses, the Daulton Group appears interested in vigorously pursuing the claims asserted against Defendants. *See* D.E. 11-1 at 11. Consequently, the Daulton Group satisfies the typicality and adequacy requirements of Rule 23(a). Finally, no party has made any argument suggesting that the Daulton Group will not fairly and adequately protect the interests of the class, or that it would be subject to any unique defenses. As such, the Daulton Group's motion to be appointed lead plaintiff is **GRANTED**.

### C. Motion to Appoint Lead Counsel

The PSLRA also states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, the Daulton Group has selected and retained Robbins Geller Rudman & Dowd LLP as well as Hagens Berman Sobol Shapiro LLP to serve as lead counsel. D.E. 11-1 at 12. The Court finds that both firms have substantial experience litigating securities fraud class actions and are thus "competent to fulfill the duties of lead counsel[.]" *Lewis v. Lipocine Inc.*, No. 16-4009, 2016 WL 7042075, at *5 (D.N.J. Dec. 2, 2016). As a result, the Daulton Group's motion to appoint lead counsel is **GRANTED**.

### III.  CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this 23rd day of July, 2020

**ORDERED** that the parties' motions to consolidate, D.E. 8, 9, 10, 11, are **GRANTED**. The securities class actions filed as Civil Action No. 20-555 and Civil Action No. 19-20588 shall be consolidated for all purposes, including trial, under Civil Action No. 19-20588 ("Consolidated Action"), and shall bear the following caption:

5

| | |
|---|---|
| IN RE AURORA CANNABIS INC. SECURITIES LITIGATION | Civil Action No. 19-cv-20588 (JMV)(JBC) |

All papers filed in connection with the Consolidated Action shall be filed only in Civil Action No. 19-20588; and it is further

**ORDERED** that the Daulton Group's motion for appointment of lead plaintiff and class counsel, D.E. 11, is **GRANTED**. The remaining motions for appointment of lead plaintiff and class counsel, D.E. 8, 9, 10, are **DENIED**[3]; and it is further

**ORDERED** that Doug Daulton, Francisco Quintana, Matt Golis, Donald S. Parish, and Quang Ma are appointed as lead plaintiffs, and it is further

**ORDERED** that Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP are appointed as lead counsel; and it is further

**ORDERED** that lead counsel shall be generally responsible for coordinating the activities of plaintiffs' counsel in the Consolidated Action, including the following:

(1) Coordinate the briefing and argument of motions;

(2) Coordinate the conduct of discovery proceedings;

(3) Coordinate the examination of witnesses in depositions;

(4) Coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(5) Call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(6) Coordinate all settlement negotiations with counsel for Defendants;

---

[3] As noted, the motion filed by FTW in Civ. No. 20-555 is likewise denied.

(7) Coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

(8) Receive and disseminate Court orders and notices; and

(9) Supervise any other matters concerning the prosecution, resolution, or settlement of the action; and it is further

**ORDERED** that lead counsel is designated as the spokesperson for plaintiffs with respect to all substantive communications with the Court and with opposing counsel. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.

_____
John Michael Vazquez, U.S.D.J.

7