# EXHIBIT O

Financial Reporting Manual

**Back to Table of Contents**

## TOPIC 16 - Multijurisdictional Disclosure System

### 16000   GENERAL

*(Last updated: 6/30/2013)*

Effective July 1, 1991, the SEC adopted a multijurisdictional disclosure system ("MJDS") for Canadian issuers. The MJDS adopted by the SEC allows eligible Canadian issuers to register securities under the Securities Act and to register securities and report under the Exchange Act by use of documents prepared largely in accordance with Canadian requirements.

> **NOTE:** In 2008, the SEC adopted revisions to Form 20-F and related rules and forms. The revisions can be found in Foreign Issuer Reporting Enhancements, (Release No. 33-8959) at http://www.sec.gov/rules/final/2008/33-8959.pdf. Most of these revisions do not apply to Form 40-F and do not change the requirements for issuers under MJDS. However, an MJDS filer is required to test its status as a foreign private issuer only as of the last business day of its second fiscal quarter under the new rules. See Section 6110.2.

A Canadian issuer filing under the Multi-Jurisdictional Disclosure System ("MJDS") may qualify as an EGC. While the disclosure requirements for the Canadian issuer would continue to be established under its home country standards in accordance with the MJDS, other provisions of Title I, such as the deferral of compliance with Section 404(b) of the Sarbanes-Oxley Act, would be available to an MJDS filer that qualifies as an EGC. See Topic 10.

### 16100   MJDS OFFERINGS – ELIGIBILITY REQUIREMENTS

*(Last updated: 9/30/2008)*

#### 16110   Rights Offer

**16110.1**   To encourage Canadian issuers to extend rights offers to their U.S. shareholders (rather than cash them out in order to avoid U.S. registration), MJDS Form F-7 is available for Securities Act registration in connection with such offers. Form F-7 acts as a wraparound for the relevant Canadian offering documents. No reconciliation to U.S. GAAP is required for financial statements included under cover of that Form.

**16110.2**   To be eligible, an issuer must:

a. be incorporated or organized in Canada and be a foreign private issuer;

b. have been reporting for the preceding 36 months to Canadian securities regulatory authorities;

c. have been listed for the preceding 12 months on the Montreal or Toronto Stock Exchange or the Senior Board of the Vancouver Stock Exchange 1; and

d. be currently in compliance with its reporting and listing obligations.

In addition:

e. the rights may not be transferable other than in accordance with Regulation S, and

f. the rights must be granted to U.S. holders on terms no less favorable than those extended to any other holder of the same class of securities.

## 16120   Exchange Offers

**16120.1**   To encourage Canadian offerors to extend exchange offers for Canadian target companies to U.S. shareholders, MJDS Forms F-8 and F-80 are available in specified circumstances to register the securities to be issued by the offeror. In the case of an exchange offer, those Forms consist primarily of the relevant Canadian offering documents. No reconciliation to U.S. GAAP is required for financial statements included under cover of those Forms.

**16120.2**   To be eligible to use Form F-8 or F-80, the offeror in an exchange offer must:

a. be incorporated or organized in Canada and be a foreign private issuer;

b. have been reporting for the preceding 36 months to Canadian securities regulatory authorities;

c. have been listed for the preceding 12 months on the Montreal or Toronto Stock Exchange or the Senior Board of the Vancouver Stock Exchange;

d. be currently in compliance with its reporting and listing obligations; and

e. have a public float (an aggregate market value held by non-affiliates) of at least (CN) $75 million, unless the issuer is making an exchange offer for its own securities.

In addition:

f. the issuer of the securities that are the subject of the exchange offer must be incorporated or organized in Canada and be a foreign private issuer;

g. less than 25% (in the case of Form F-8) or 40% (in the case of Form F-80) of the securities that are the subject of the exchange offer are held by U.S. holders;

h. the securities must be offered to U.S. holders on terms no less favorable than those offered to any other holder of the same class of securities; and

i. derivative securities may not be registered on Form F-8 or F-80 except:

1. warrants, options and rights, if they and the underlying securities to which they relate are issued by the registrant, its parent or an affiliate of either, and

2. convertible securities, if they are convertible into only securities of the registrant, its parent or an affiliate of either.

16130    Business Combinations

**16130.1**    Registration of securities is allowed on MJDS Forms F-8 and F-80 in connection with Canadian statutory amalgamations, mergers, arrangements and other reorganizations requiring the vote of shareholders of the participating companies ("business combinations"). In the case of a business combination, those Forms consist of primarily the information prepared for distribution under Canadian proxy requirements. No reconciliation to U.S. GAAP is required for financial statements included under cover of those forms.

**16130.2**    Registration in connection with a business combination is allowed on those forms if:

   a. each participant is organized or incorporated in Canada and is a foreign private issuer;

   b. the predecessor participants have been reporting for the preceding 36 months to Canadian securities regulatory authorities;

   c. the predecessor participants have been listed for the preceding 12 months on the Montreal or Toronto exchange or the Senior Board of the Vancouver Stock Exchange;

   d. each predecessor participant has a public float of (CN) $75 million;

   e. U.S. holders would hold less than 25% (in the case of Form F-8) or 40% (in the case of Form F-80) of the class of securities being registered by the successor upon completion of the business combination; and

   f. the securities must be offered to U.S. holders on terms no less favorable than those offered to any other holder of the same class of securities.

16140    Offerings of Investment Grade Non-Convertible Debt or Preferred Securities

**16140.1**    Offerings by issuers of investment grade debt and preferred stock may be registered under the Securities Act on Form F-9. The debt or preferred stock must be rated investment grade (typically, the four highest ratings) by a nationally recognized statistical rating organization or by a securities rating organization recognized by Canadian securities regulators as an "Approved Rating Organization" in order to qualify. Securities registered on the Form must either be non-convertible or convertible only after one year from the date of issuance. Like the other MJDS forms, Form F-9 is primarily a wraparound form for the Canadian disclosure documents. No reconciliation of financial statements to U.S. GAAP is required.

**16140.2**    To be eligible, an issuer must:

   a. be incorporated or organized in Canada and be a foreign private issuer or a crown corporation;

   b. have been reporting for the preceding 12 months to Canadian securities regulatory authorities;

   c. be currently in compliance with its reporting obligations; and

   d. have a public float of at least $75 million, unless the securities being registered are not convertible.

16150    Offerings of Other Securities

**16150.1**    Securities Act registration of other securities, including equity securities, is permitted on Form F-10. The content of a Form F-10 includes the Canadian disclosure documents plus certain additional disclosures specified by SEC rules. See Section 16500. Inclusion of financial statements is specified by Canadian rules, but reconciliation of those included financial statements to

U.S. GAAP, following Item 18 of Form 20-F, is required. However, the staff has not objected to Item 17 reconciliation of non-issuer financial statements where Form 20-F permits Item 17 reconciliation, such as those for acquired businesses and equity method investees.

**16150.2**   To be eligible, an issuer must:

   a. be incorporated or organized in Canada and be a foreign private issuer or a crown corporation;

   b. have been reporting for the preceding 12 months to Canadian securities regulatory authorities;

   c. be currently in compliance with its reporting obligations; and

   d. have a public float of at least $75 million.

**16150.3**   In addition, derivative securities may not be registered on Form F-10 except:

   a. warrants, options and rights, provided that such securities and the underlying securities to which they relate are issued by the registrant, its parent or an affiliate of either, or

   b. convertible securities, provided that such securities are convertible only into securities of the registrant, its parent or an affiliate of either.

**16150.4**   The registration of securities by eligible issuers in connection with exchange offers is specifically accommodated in Forms F-9 and F-10, and registration in connection with business combinations is accommodated in Form F-10.


## 16200   REGISTRATION AND PERIODIC REPORTING UNDER THE EXCHANGE ACT

*(Last updated: 9/30/2008)*


### 16210   Forms 40-F and 6-K

**16210.1**   These forms are available for use by certain Canadian issuers to register securities under Section 12(b) or 12(g) or report under Section 15(d) of the Exchange Act. Information to be filed on Form 40-F includes the issuer's annual information form and audited annual financial statements with accompanying management's discussion and analysis, all as prepared in accordance with Canadian requirements. For example, the number of periods for which financial statements are required for Canadian issuers that file on Form 40-F is based on the Canadian requirements.  The Canadian requirements ordinarily require two years of audited annual financial statements in annual reports, unlike Form 20-F that requires most other foreign private issuers to file three years of audited annual financial statements [refer to Section 6210.1]. Reconciliation as specified in Item 17 of Form 20-F is required in connection with any Form 40-F filed unless the obligation to file arises because of registration on Form F-7, F-8, F-9, or F-80 or the Form 40-F is filed with respect to securities that could have been registered under the Securities Act on Form F-9. Form 6-K information is that which the issuer has made public in its home jurisdiction, filed with a stock exchange where its securities are traded, or distributed to its shareholders. *(Last updated: 3/31/2012)*

**16210.2**   Canadian issuers that list securities on a U.S. stock exchange or whose securities are authorized for quotation on NASDAQ or that exceed the Section 12(g) threshold of equity securities held of record by U.S. residents are eligible to use Forms 40-F and 6-K to satisfy such registration or continuous reporting obligations under the Exchange Act if:

   a. the issuer is eligible to use Form F-10, or

b. the issuer is eligible to use F-9 and the securities to which the reporting obligation relates were registered or could have been registered on Form F-9.

**16210.3**  Canadian issuers that otherwise would incur an obligation to report under Section 15(d) by registering securities on Form F-7, F-8, or F-80 are exempt therefrom if the issuer is exempt from the obligations of Section 12(g) by virtue of Rule 12g3-2(b). Rule 12g3-2(b) contemplates the submission of home jurisdiction disclosure documents to the SEC by the issuer. Reporting obligations otherwise arising under Section 15(d) solely as a result of an issuer having filed a registration statement on Form F-7, F-8, F-9, F-10, or F-80 may be satisfied by filing on Forms 40-F and 6-K.

**16210.4**  The exemption from reporting provided by Rule 12g3-2(b) encompasses a Canadian issuer that has in the past eighteen months registered securities under the Securities Act on Form F-7, F-8, F-9, F-10 or F-80.

## 16300   TENDER OFFERS

*(Last updated: 9/30/2008)*

To encourage such offers to be made to U.S. investors, tender offers that are primarily Canadian in character are able to comply with the provisions of the Williams Act by complying with applicable Canadian tender regulations. Schedules 13E-4F (issuer tender offer), 14D-1F (third-party or affiliate tender offer), and 14D-9F (recommendation by an issuer, or director or officer of the issuer with respect to a tender offer filed on Schedule 14D-1F) may be used in connection with offers made in both jurisdictions for a class of securities of a Canadian issuer.

### 16310   Eligibility Requirements

**16310.1**  Offers must be extended to all holders of the class of securities in the United States and Canada upon terms and conditions no less favorable than those offered to any other holder of the same class of securities.

**16310.2**  The transaction must be covered by and not be exempt from substantive provisions of Canadian law governing the terms and conditions of the offer.

**16310.3**  U.S. holders must hold less than 40 percent of the subject securities.

### 16320   U.S. Ownership Ceiling

**16320.1**  The percentage ceiling on U.S. ownership for cash and exchange offers made pursuant to the MJDS is calculated by reference to securities held by persons with U.S. addresses in the records of the issuer and other specified records. U.S. affiliates of the Canadian company are not excluded from the calculation of the U.S. ownership ceiling.

**16320.2**  The date used for calculating U.S. ownership is the end of the subject company's last quarter or, if such quarter terminated within 60 days of the filing date, as of the end of the subject company's preceding quarter. In addition, the date of the initial bid, in the case of competing bids, will be used for determining MJDS eligibility for all subsequent competing bids. Subsequent competing bids are permitted to look back to the initial commencement date, so long as the initial offer was eligible to use the MJDS, regardless of whether the initial offer took advantage of the MJDS.

**16320.3**  Third-party bidders, whether solicited or unsolicited, are permitted to rely upon a conclusive presumption that less than the threshold percentage of securities is held by U.S. holders and that the target is a foreign private issuer, absent published

trading volume data, disclosure in public filings or actual knowledge to the contrary.

## 16400    CANADIAN REGULATION

*(Last updated: 9/30/2008)*

A condition to the use of MJDS to effect cross-border tender and exchange offers is that the offer be subject to a Canadian regulatory scheme governing the conduct of tender offers. Consequently, transactions that are not subject to Canadian tender offer regulation, such as offers for non-convertible debt securities and non-convertible, non-voting preferred stock, would not be eligible for the MJDS. Also, offers exempted from Canadian tender offer regulation likewise would not qualify.

## 16500    SARBANES-OXLEY

*(Last updated: 6/30/2013)*

As noted above, MJDS allows eligible Canadian issuers to comply with the U.S. securities laws by use of documents prepared largely in accordance with Canadian requirements. However, various SEC rules adopted as a result of the Sarbanes-Oxley Act require MJDS issuers to provide disclosures in their Exchange Act reports beyond those that may be required in Canada. The additional disclosure requirements, which are similar to those required for other domestic and foreign private issuers, are found in General Instruction B(6) through B(12) of Form 40-F. The principal additional disclosures include:

- Section 302 and 906 certifications
- Disclosure controls and procedures
- Internal control over financial reporting and, for non-EGC accelerated filers and large accelerated filers, the related auditor attestation (effective for fiscal years ending after July 15, 2006)
- Audit committee financial experts
- Officer code of ethics
- Auditor fees and services
- Off-balance sheet arrangements
- Tabular disclosure of contractual obligations

In addition, filings of MJDS issuers are subject to staff review under the Sarbanes-Oxley Act like any other registrant.

## 16600    AUDITOR INDEPENDENCE

*(Last updated: 3/31/2010)*

Auditors of MJDS issuers must comply with all SEC and PCAOB rules on auditor independence. General Instruction C (1) to Form 40-F permits a foreign auditor, solely for purposes of an MJDS issuer's initial registration statement, to be independent under SEC and PCAOB rules for at least the most recent audited fiscal year, provided that auditor is independent under local standards for all periods presented. The auditor must remain independent under SEC and PCAOB rules for all subsequent periods.

Case 2:19-cv-20588-BRM-MAH    Document 33-15    Filed 11/20/20    Page 8 of 8 PageID: 1387

* * * * *

---

[1]The Vancouver Stock Exchange is now called the TSX Venture Exchange.

**Back to Table of Contents**

*Modified: May 10, 2018*

/