## MARINO, TORTORELLA & BOYLE, P.C.

ATTORNEYS AT LAW

KEVIN H. MARINO
JOHN D. TORTORELLA
JOHN A. BOYLE
————

ROSEANN BASSLER DAL PRA*
EREZ J. DAVY*
WAN CHA
WILLIAM A. O'BRIEN

437 SOUTHERN BOULEVARD
CHATHAM, NEW JERSEY 07928-1488
TELEPHONE (973) 824-9300
FAX (973) 824-8425
www.khmarino.com

888 SEVENTH AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10019
TELEPHONE (212) 307-3700
FAX (212) 262-0050

e-mail: kmarino@khmarino com
*OF COUNSEL

May 14, 2021

**VIA ECF**

Honorable John M. Vazquez, U.S.D.J.
United States District Court
District of New Jersey
U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

Re: *In re Aurora Cannabis Inc. Securities Litigation*
No. 2:19-cv-20588-JMV-JBC

Dear Judge Vazquez:

Defendants in the above-captioned matter respectfully submit this notice of supplemental authority in support of their motion to dismiss. ECF No. 32. Since the parties completed briefing on Defendants' motion, two courts have dismissed similar attempts to plead "fraud by hindsight" against other large cannabis companies, which, like Aurora, faced significant challenges operating in the nascent Canadian cannabis market. We respectfully submit that these decisions support the falsity and scienter arguments Defendants made in their opening and reply briefs.

Like Plaintiffs here, the plaintiffs in *Ortiz v. Canopy Growth Corp.* filed a putative securities class action complaint in this district alleging that defendants violated Section 10(b) and Rule 10b-5 because "Canopy repeatedly told investors that it anticipated the cannabis market would grow," although it knew those statements were false. No. 2:19-cv-20543-KM-ESK, 2021 U.S. Dist. LEXIS 88372, at *9, 11 (D.N.J. May 7, 2021) (Exhibit A). In dismissing the *Ortiz* complaint last week, Judge McNulty rejected plaintiffs' "fraud by hindsight" allegations because plaintiffs failed to adequately allege that those statements were "false when made." *Id.* at *84, 94, 95, 115. In addition, the court held that Canopy adequately warned investors that the cannabis market was "brand new" and that "demand might not materialize." *Id.* at *46–47. Aurora made similar disclosures. ECF No. 32-1 at 7–10, ECF No. 37 at 6. Moreover, the court held that the plaintiffs failed to show scienter even though they relied on numerous confidential witnesses. 2021 U.S. Dist. LEXIS 88372, at *133. The scienter claim against Aurora is far weaker, as Plaintiffs fail to rely on any contemporaneous facts, documents, or witness statements. ECF No. 32-1 at 35–36; ECF No. 37 at 14–15.

MARINO, TORTORELLA & BOYLE, P.C.
ATTORNEYS AT LAW

Honorable John M. Vazquez, U.S.D.J.
May 14, 2021—Page 2

Likewise, in *In re Hexo Corp. Securities Litigation*, plaintiffs alleged that Hexo ramped up its production and operations "[i]n anticipation of increased demand for cannabis following [l]egalization" in Canada. No. 19-cv-10965-NRB, 2021 U.S. Dist. LEXIS 43851, at *10 (S.D.N.Y. Mar. 8, 2021) (Exhibit B). Most relevant here, the court rejected plaintiffs' scienter allegation that the defendants "were motivated by a desire to increase HEXO's stock price to increase their personal options holdings." *Id.* at *54–55. The court further concluded that plaintiffs' "abject failure to identify any reports or statements containing adverse facts to which defendants had access at the time the statements at issue were made is itself fatal to plaintiffs' Section 10(b) claims." *Id.* at *55. Plaintiffs' claims here fail for the same reasons. ECF No. 32-1 at 34–35.

Thank you for your consideration of this submission.

Respectfully yours,

Kevin H. Marino

cc:    All counsel of record