**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL INFORMATION |
| ALL ACTIONS. | ) ) | |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs and Defendants (collectively, the "Parties")[1] in the above-captioned action (the "Action"), respectfully request that the Court issue a protective order to protect certain confidential, proprietary, or private information that may be produced or re-produced in the course of discovery in this Action, and to guard against the waiver of attorney-client privilege, work-product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges. The Parties, by and through their respective undersigned counsel, hereby stipulate to the following terms governing the pre-trial phase of this Action, subject to the Court's approval.

## I.  DEFINITIONS

1.  "Confidential Discovery Material" means any Discovery Material designated as "Confidential – Subject to Protective Order" or words to that effect pursuant to the terms of this Order.

2.  "Designating Party" means a Party or Non-Party who designates any Discovery Material as Confidential in connection with this Action.

3.  "Discovery Material" means any information provided by a Party or Non-Party (defined below) in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information or material produced, given or exchanged in this Action, regardless of the medium or manner generated, stored or maintained.

---

[1] "Party" is defined below. "Plaintiffs" refers to Lead Plaintiffs Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma. "Defendants" refers to Aurora Cannabis, Inc., Terry Booth, and Allan Cleiren.

4.     "Highly Confidential Discovery Material" means Discovery Material designated as "Highly Confidential – Subject to Protective Order" or words to that effect pursuant to the terms of this Order.

5.     "Non-Party" means a person or entity that is not a Party to this Action.

6.     "Objecting Party" means a Party or Non-Party that challenges the designation of Discovery Material as "Confidential" or "Highly Confidential," or challenges a failure to so designate.

7.     "Party" means any Party to this Action.

8.     "Producing Party" means a Party or Non-Party that produces any Discovery Material in this Action.

9.     "Protected Information" means information subject to a claim of attorney-client privilege, attorney work-product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

10.     "Receiving Party" means a Party that receives any Discovery Material from a Producing Party in this Action.

## II.     DESIGNATING DISCOVERY MATERIAL

11.     Any Producing or Receiving Party may designate as Confidential any Discovery Material, or any portion thereof, that the Producing or Receiving Party reasonably and in good faith believes consists of or contains non-public information related to:

(a)     financial information not otherwise disclosed to the public;

(b)     proprietary business information, including trade secrets not otherwise disclosed to the public, as well as confidential research and information of a technical, developmental, or commercial nature (including but not limited to customer information) subject to a

protective order under FRCP 26(c)(1)(G) or otherwise containing information that is non-public and sensitive from a commercial or financial perspective;

(c)     any information of a personal or intimate nature regarding any individual, including but not limited to Social Security numbers, home telephone numbers and addresses, tax returns (including attached schedules and forms), W-2 forms, 1099 forms, and medical, credit and/or banking information;

(d)     any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, foreign or domestic, including information that is subject to secrecy laws, data protection laws, or data privacy laws; or

(e)     any other category of information hereinafter given confidential status by the Court.

12.     Any Producing or Receiving Party may designate as Highly Confidential any Discovery Material, or any portion thereof, that the Producing or Receiving Party reasonably and in good faith believes consists of or contains Confidential Discovery Material and that the Party reasonably and in good faith believes that the disclosure of which to persons to whom Confidential Discovery Material may be disclosed will or may cause significant competitive injury to the Producing Party, thus requiring this additional level of protection. "Highly Confidential Discovery Material" is limited to particularly sensitive Confidential Discovery Material that contains trade secrets, competitively sensitive sales, future business plans, proprietary technical information and specifications, and any other information which would likely cause significant competitive harm to the Producing Party if disclosed.

13.     Nothing in this Order prejudices in any way any objection to, or position concerning, production of the foregoing.

- 3 -

14.    Nothing in this Order shall be construed to provide less protection to Confidential Discovery Material or Highly Confidential Discovery Material designated by the Parties than the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the District of New Jersey ("Local Civil Rules").

15.    The designation of any Discovery Material as Confidential or Highly Confidential shall be made in the following manner:

(a)    In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the designation shall be made at the time of production by affixing the legend "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material in a manner that will not interfere with legibility, audibility or functionality. In the event that any documents are produced in native format, the Designating Party shall include the legend "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order" in the file name of the document or on a placeholder document produced in conjunction with the native file that states the Bates number of the document and that the document is being produced in native format. Print-outs and copies of any such files designated as Confidential or Highly Confidential shall be treated in accordance with the terms of this Stipulation and Order;

(b)    In the case of depositions or other pretrial testimony, any Party or Non-Party may designate the deposition, in whole or in part (including exhibits), as Confidential or Highly Confidential by: (i) making a statement to such effect on the record during the proceeding in which

the testimony is received; or (ii) notifying all counsel of record, in writing, within fifteen (15) days[2] after receipt of the final transcript of such proceeding by serving a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Confidential. Until the expiration of the 15-day period, the Parties shall treat the entirety of the deposition, including any transcript or video thereof, as Confidential Discovery Material. Thereafter, only those portions of the deposition designated as "Confidential" or "Highly Confidential" shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. All copies of deposition transcripts that contain material designated as Confidential or Highly Confidential shall be prominently marked "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order." The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition or in writing, without further order of the Court; and

(c)    In such cases where the marking of each piece of Discovery Material as "Confidential" or "Highly Confidential" is impractical or impossible, the Designating Party shall designate in writing the Discovery Materials that it regards as containing Confidential Discovery Material or Highly Confidential Discovery Material at the time the Designating Party produces those Discovery Materials.

16.    The inadvertent or unintentional failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not standing alone constitute a waiver of a Producing Party's claim of confidentiality, and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material shall be subject to the protections of this Order from the

---

[2]    Unless other expressly stated to be business days, all references to days shall mean calendar days.

- 5 -

time it is designated as "Confidential" or "Highly Confidential." If a party designates Discovery Material as Confidential or Highly Confidential Discovery Material after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Stipulation and Order. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure. No party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Discovery Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Discovery Material.

## III.    ACCESS TO AND USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

17.    Any person subject to this Order who receives from any Producing Party Discovery Material that is designated as "Confidential" or "Highly Confidential" shall not disclose such Confidential or Highly Confidential Discovery Material, except as expressly permitted herein. Any violation of the terms of this Order shall be punishable by relief the Court deems appropriate.

18.    Unless otherwise directed by the Court, Confidential or Highly Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to any person other than the individuals described in the subparagraphs below. Any disclosure permitted by this paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

(a)    The named parties and/or Court-appointed class representatives in this Action, including their authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Action, or, in the case of an individual Party, the Party himself or herself;

(b)    Counsel retained specifically for this Action, and regular or temporary employees of such counsel, including any paralegal, clerical, or other assistant who are engaged in assisting counsel in the prosecution or defense of this Action, provided that any disclosure is for use in accordance with this Order;

(c)    Any person who is identified as an author or recipient (including without limitation "bcc" recipients) of such Confidential or Highly Confidential Discovery Material (whether by the Confidential or Highly Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential or Highly Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential or Highly Confidential Discovery Material for his or her retention;

(d)    Outside vendors or service providers (such as copy-service providers, document-management consultants, stenographers, and videographers) retained in connection with the prosecution or defense of this Action;

(e)    Any mediator, arbitrator, or other person engaged by the Parties or appointed by the Court for the purpose of alternative dispute resolution, provided that such person has signed an undertaking in the form of Exhibit A attached hereto;

(f)    Any witness or deponent (and counsel for the witness or deponent) to the extent reasonably necessary in connection with their testimony in this Action or the preparation

thereof provided that such person has signed an undertaking in the form of Exhibit A attached hereto;

(g)    Any person (including their professional staff) retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, to the extent reasonably necessary for such person to prepare a written opinion, prepare to testify, or assist counsel in the prosecution or defense of this Action, provided that any report created by such expert or consultant relying on or incorporating Confidential or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" or "Highly Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

(h)    The Court or any appellate court in this Action and its support personnel, court reporters, and jurors;

(i)    Outside or in-house counsel for insurance companies or other indemnitors of any Party from which a Party claims coverage or that are providing coverage for claims; and

(j)    Any other person upon order of the Court or upon stipulation of the Producing Party.

19.    Confidential Discovery Material may be disclosed only to Plaintiffs (and such other person(s) or entit(ies), if any, appointed by the Court as additional class representative(s)) and not to any other member of the putative class, unless: (i) a class including the member has been certified in this Action by the Court; and (ii) the procedures outlined in this paragraph are followed. Any such disclosure of Confidential Discovery Material shall be made in accordance with this Stipulation and Order. Highly Confidential Discovery Material may not be disclosed to Plaintiffs or any other member of the putative class. If the Plaintiffs cease to be the Plaintiffs for any reason, all

- 8 -

Confidential Discovery Material in that person's possession marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or words to that effect under this Stipulation and Order, including copies and summaries and excerpts containing Confidential Discovery Material, shall: (a) be transferred to another Court-appointed Lead Plaintiff or class representative, if one has been appointed; or (b) if another Lead Plaintiff or class representative has not been appointed, at Plaintiffs' option either be returned to counsel for the Producing Party or destroyed, with Plaintiffs certifying such destruction. In the event that the Court certifies a class in this Action and Plaintiffs wish to disclose Confidential Discovery Material to another class member other than an additional class representative, Plaintiffs must notify the Producing Party in writing and explain why the assistance of such class member is reasonably necessary to the conduct of this Action. Within seven (7) days of the receipt of such notification, counsel for the Producing Party and Plaintiffs shall meet-and-confer in an effort to resolve whether Confidential Discovery Material may be disclosed to such class member. If, for whatever reason, the parties are unable to reach an agreement during their meet-and-confer, Plaintiffs may apply to the Court for a ruling regarding whether Confidential Discovery Material may be disclosed to such class member. Confidential Discovery Material may not be disclosed to any such class member absent: (i) the express written consent of the Producing Party; or (ii) a Court order allowing such disclosure.

20.     Every person or entity given access to Confidential or Highly Confidential Discovery Material or information contained therein:

(a)     shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Order; and

- 9 -

(b)     shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

21.     Any extract, summary, compilation, description, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Discovery Material and any electronic image or database containing Confidential information shall be subject to the terms of this Order to the same extent as the material or information from which it is derived.

22.     All Discovery Material (including, but not limited to, Confidential or Highly Confidential Discovery Material) shall be used solely for the prosecution or defense of this Action, and shall not be used for any other purpose whatsoever.  Confidential information shall not be disclosed except in accordance with the terms of this Order.

23.     Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described herein. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of such material.

24.     Nothing contained in this Order, however, shall affect or restrict the rights of any Designating Party with respect to its own documents, data or information produced in this Action.

25.     Each Party must promptly advise the Producing Party through counsel of any losses, or compromises, of the confidentiality of the Confidential or Highly Confidential Discovery Material

governed by this Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Confidential or Highly Confidential Discovery Material; (iii) inform the person(s) to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person(s) either return or destroy the Confidential or Highly Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Order, execute the undertaking attached as Exhibit A hereto.

26.     This Order does not apply to any information or material that: (i) was, is or becomes public knowledge other than through a breach of this Order; (ii) is acquired or learned by the Receiving Party independent of discovery in this Action; or (iii) is required by law to be made available to third Parties.

27.     In the event additional Parties join or are joined in this Action, the newly joined Party shall not have access to Confidential or Highly Confidential Discovery Material until its counsel has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Order.

## IV.    FILING CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

28.     All Confidential or Highly Confidential Discovery Material that is filed by any Party with the Court shall be filed in accordance with applicable ECF/Restricted Copy Procedures to maintain the confidentiality of the documents. Any Party may challenge such sealing in accordance with applicable law.

## V.   USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL IN COURT

29.    Unless applicable rules of the Court provide for different notice, if any Receiving Party plans to utilize any Confidential or Highly Confidential Discovery Material at a court hearing or pretrial conference, that Receiving Party shall use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of the court appearance, without being obligated to identify the particular Confidential or Highly Confidential Discovery Material to be used.   The parties shall meet-and-confer and present the Court with a proposed stipulation governing the use of such Confidential or Highly Confidential Discovery Material that will supersede this Stipulation and Order as to the use of Confidential or Highly Confidential Discovery Material at pre-trial hearings, or if they are unable to reach agreement, shall request a conference with the Court regarding such use.   Whether or not any advance notice is given, the Receiving Party will provide the Producing Party and/or Designating Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential or Highly Confidential Discovery Material before reference is made to any such Confidential or Highly Confidential Discovery Material.   This provision is not intended to prohibit counsel from selecting and using Confidential or Highly Confidential Discovery Material for any court hearing or conference.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

30.    A Party or Non-Party may object to the designation of Discovery Material as "Confidential" or "Highly Confidential" at any time (the "Objecting Party").   Failure to do so at the time of the designation does not operate as a waiver of any Receiving Party's right to challenge the "Confidential" or "Highly Confidential" designation of any Discovery Material by any Designating Party.

- 12 -

31.    In the event that an Objecting Party wishes to challenge the "Confidential" or "Highly Confidential" designation of any Discovery Material, the Objecting Party shall give written notice to the Designating Party and all Parties to the Action stating with particularity the grounds of the objection or request. The Objecting Party and the Designating Party shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within ten (10) days from when they were first made, the Objecting Party may submit the issue to the Court at any time. Any Discovery Material that is the subject of such a dispute shall be treated as Confidential or Highly Confidential Discovery Material until the Court's decision on the issue or until the Objecting Party withdraws such objection in writing.

## VII.   CLAWBACK OF PROTECTED MATERIAL

32.    If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of attorney-client privilege, attorney work-product protection, or any other applicable privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Protected Information, the subject matter of the Protected Information, or the right to object to the production or disclosure of the Protected Information in this Action or in any other proceeding. Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall define whether a disclosure operates as a waiver in this case.

33.    If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection, the Producing Party shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Local Civil Rules 33.1(c), 34.1, 36.1(b). When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of attorney-client privilege, attorney work product, or other applicable privilege, or a Receiving Party believes it may have received

- 13 -

inadvertently produced material that is subject to such a claim, the obligations of the Receiving Parties are controlled by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

34.     The return, sequester or destruction of any Protected Information pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) shall not in any way preclude the Receiving Party from moving the Court for an Order compelling production of the Protected Information.

## VIII.   NON-PARTIES

35.     Any Non-Party from whom Discovery Material is or has been sought in this Action may obtain the protections of this Order by designating that its provision of Discovery Material is subject to the Order, provided that the Non-Party completes the certification contained in Exhibit A and returns it to the requesting party who, in turn, will serve it upon counsel for the other parties.

36.     The subpoenaing or requesting Party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

37.     To the extent that any Non-Party produces Discovery Material in this Action that contains Confidential or Highly Confidential Discovery Material of a Party to this Action, any Party may designate such Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material. Until the expiration of the 60-day period, the Parties shall treat any Discovery Material produced by a Non-Party as Confidential Discovery Material. Thereafter, only those portions of such Discovery Material designated as "Confidential" or "Highly Confidential" shall be deemed Confidential or Highly Confidential Discovery Material.

38.     As soon as practicable, and in no case more than five (5) business days, after a Receiving Party's receipt of written responses and objections and/or Discovery Material provided or

- 14 -

produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, or any other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such written responses and objections, court filings, and/or Discovery Material available to all other Parties.

## IX.    LEGAL PROCESS

39.    If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, and such subpoena or document demand seeks Confidential or Highly Confidential Discovery Material that was produced in this Action by a Designating Party other than the Receiving Party, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Designating Party, and include with the notice a copy of the subpoena or request. The Receiving Party also must promptly inform in writing the party who caused the subpoena, order, or request to issue in the other litigation or proceeding that some or all of the material covered by the subpoena, order, or request is the subject of this Stipulation and Order. In addition, the Receiving Party must deliver a copy of this Stipulation and Order promptly to the party in the other action that caused the subpoena, order, or request to issue. The Designating Party shall bear all responsibility for its objection to the production of such Confidential or Highly Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential or Highly Confidential Discovery Material until resolution of any objections interposed by the Designating Party, unless compelled or otherwise required by law. The Receiving Party shall make a good-faith effort to provide the Designating Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation

- 15 -

pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of materials designated as Confidential or Highly Confidential Discovery Material in this Action.

## X.    FINAL DISPOSITION

40.    Unless otherwise agreed or ordered, this Stipulation and Order shall remain in force and binding upon the parties hereto and upon all persons to whom Confidential or Highly Confidential Discovery Material has been disclosed or communicated after dismissal or entry of final judgment not subject to further appeal.

41.    Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Action, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential or Highly Confidential Discovery Material shall make commercially reasonable efforts to identify and destroy all such Confidential or Highly Confidential Discovery Material, including all copies thereof and information derived therefrom, or return such materials to counsel for the Producing Party, unless the Confidential or Highly Confidential Discovery Material has been offered into evidence or filed without restriction as to disclosure. In either event, on or before the 60-day deadline, the Receiving Party shall certify its return or destruction of all Confidential or Highly Confidential Discovery Material by submitting a written certification to the Producing Party that affirms, to the best of the Receiving Party's knowledge after undertaking commercially reasonable efforts, that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. The Receiving Party shall not be required to locate, isolate, and return emails (including attachments to emails) that may include

- 16 -

Confidential or Highly Confidential Discovery Material, or Confidential or Highly Confidential Discovery Material contained in deposition transcripts or draft or final expert reports.

42. Notwithstanding the foregoing provision, counsel are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, e-mail and other correspondence or attorney work-product, even if such materials contain Confidential or Highly Confidential Discovery Material under this Order. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

43. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## XI. MISCELLANEOUS

44. Notwithstanding any other provisions of this Stipulation and Order to the contrary, Discovery Materials may be used and disclosed in the manners set forth immediately below in this paragraph. A Producing Party may at its option choose to share any Discovery Materials produced by that Producing Party, whether or not such Discovery Materials have been designated as Confidential or Highly Confidential, with: (i) parties in other litigation; and/or (ii) any regulatory or government agency or other body requesting such information for purposes of any investigation or inquiry. Disclosure of Confidential or Highly Confidential Discovery Material as provided for in this subparagraph shall not be deemed a waiver or forfeiture of the Confidential or Highly Confidential status of such information, provided that: (a) the recipients provide an undertaking in the form of Exhibit A hereto; or (b) in the case of a regulatory or government agency, the Producing Party requests that the regulatory or government agency keep confidential the Confidential or Highly Confidential Discovery Materials and the regulatory or government agency has not rejected the request or otherwise publicly disclosed the Confidential or Highly Confidential Discovery Materials.

- 17 -

45.     Entering into or agreeing to this Order, producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Order, shall not:

(a)     operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" or "Highly Confidential" by the Producing Party is appropriately designated as such;

(b)     prevent any Party or Non-Party from seeking further, greater or lesser protection with respect to the use of any Confidential or Highly Confidential Discovery Material, in connection with this Action or any other proceeding;

(c)     prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d)     waive any applicable privilege, protection, or immunity;

(e)     waive a Party's right to move the Court for an order allowing disclosure of Confidential or Highly Confidential Discovery Material for good cause;

(f)     prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purported Confidential or Highly Confidential Discovery Material;

(g)     prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material;

(h)     bar the use or disclosure at trial of any information designated as Confidential or Highly Confidential Discovery Material; or

(i)     affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Action.

46.     It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Action.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

47.     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

48.     Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court.

49.     The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

50.     This Order may be executed in any number of actual, telecopied or e-mailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied or e-mailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

This Order shall become effective as a stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

*     *     *

**ORDER**

IT IS SO ORDERED.

DATED: 1/8/2024

_____
James B. Clark, III, U.S.M.J.

- 19 -

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) No. 2:19-cv-20588-BRM-JBC ) ) CLASS ACTION ) |
| This Document Relates To: | ) **NON-DISCLOSURE AGREEMENT** ) **(EXHIBIT A TO STIPULATION AND** |
| ALL ACTIONS. | ) **[PROPOSED] PROTECTIVE ORDER** ) ) |

I, _____, acknowledge that I have read and understand the terms of the Protective Order entered in this Action governing the protection of Confidential and Highly Confidential Discovery Material. I agree that I will not disclose Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this Action and as expressly permitted under the terms of the Protective Order. I further agree that, upon the request of the Producing Party, within thirty (30) days of the conclusion of the Action, I will return all Confidential and Highly Confidential Discovery Material in my custody, possession, or control to the Producing Party or attorney from whom I received it or certify in writing that said information has been destroyed. By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of any issue or dispute arising under the Protective Order and that my willful violation of any term thereunder could subject me to punishment for contempt of Court.

Date:_____

Signature: _____

Printed Name:_____