# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | ) ) ) | |

This Stipulation of Settlement, dated June 7, 2024 (the "Stipulation"), is made and entered into by and among: (i) Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class,[1] by and through their counsel of record in *In re Aurora Cannabis Inc. Securities Litigation*, No. 2:19-cv-20588-BRM-JBC (D.N.J.) (the "Litigation"); and (ii) Aurora Cannabis Inc. ("Aurora" or the "Company"), Terry Booth, and Allan Cleiren (collectively, "Defendants"), by and through their counsel of record in the Litigation. The Lead Plaintiffs and the Defendants are referred to herein as the "Settling Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before the Honorable Brian R. Martinotti in the United States District Court for the District of New Jersey (the "Court"). The initial complaint in the Litigation was filed on November 21, 2019 before Judge John Michael Vazquez. On July 23, 2020, the Court appointed Lead Plaintiffs and Robbins

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

- 1 -

Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP as Lead Counsel.[2]

On September 21, 2020, Lead Plaintiffs filed their Amended Complaint and Demand for Jury Trial alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants and former defendants Stephen Dobler, Glen Ibbott, Cameron Battley, Michael Singer, and Jason Dyck (the "Former Defendants") moved to dismiss the Amended Complaint, which was granted without prejudice on July 6, 2021. On September 7, 2021, Lead Plaintiffs filed their Second Amended Complaint and Demand for Jury Trial (the "SAC"). On December 6, 2021, Defendants and the Former Defendants moved to dismiss the SAC, and on September 23, 2022, the Court granted the motion to dismiss without prejudice.

On November 7, 2022, Lead Plaintiffs filed the operative Third Amended Complaint and Demand for Jury Trial (the "Complaint"). On January 6, 2023, Defendants moved to dismiss the Complaint. On August 24, 2023, the Court issued an opinion and entered an order granting in part and denying in part the motion to dismiss. On September 8, 2023, Lead Plaintiffs filed a Motion for Partial Reconsideration and/or Clarification of the Court's August 24, 2023 Opinion.

---

[2] The Court also appointed Matt Golis as Lead Plaintiff, but he is no longer serving in that capacity.

Defendants opposed Lead Plaintiffs' motion on September 26, 2023. Defendants answered the Complaint on September 22, 2023.

On September 14, 2023, the Litigation was reassigned to Judge Martinotti. Magistrate Judge Clark held a Rule 16 scheduling conference on October 26, 2023, and on that date, Judge Clark entered the parties' Pretrial Scheduling Order. The Court held a conference with the parties on November 16, 2023, and following that conference Lead Counsel informed the Court of their decision to withdraw the motion for reconsideration and move to amend the Complaint. On January 22, 2024, Lead Plaintiffs filed their motion to amend the Complaint. Defendants opposed the motion to amend the Complaint. The motion was pending at the time this agreement was reached.

During the course of discovery, the parties exchanged written discovery requests, Lead Plaintiffs served third party discovery, the parties negotiated a protective order which was "So Ordered" by the Court, and they submitted an electronic discovery agreement, which was "So Ordered" by the Court.

On March 4, 2024, Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with Robert A. Meyer, Esq. of JAMS. The mediation session was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good-faith negotiations, and after a full day of mediation, accepted a mediator's proposal to settle the Litigation in exchange for a

- 3 -

cash payment of $8.05 million for the benefit of the Settlement Class, subject to the

negotiation of the terms of a Stipulation of Settlement and approval by the Court.

This Stipulation (together with the Exhibits hereto) reflects the final and binding

agreement among the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any

and all of the claims alleged in the Litigation, including any allegations of fault,

negligence, liability, wrongdoing, or damages whatsoever.  Defendants expressly have

denied, and continue to deny, that they have committed any act or made any

materially misleading statement giving rise to any liability under the federal securities

laws.  Defendants expressly have denied, and continue to deny, that they have

committed any wrongdoing or violations of law as alleged in any complaint in the

Litigation, and maintain that their conduct was at all times proper and in compliance

with applicable provisions of law.  Defendants also have denied, and continue to deny,

that they made any material misstatement or omission or engaged in any fraudulent

schemes, that the prices of Aurora securities were artificially inflated as a result, that

any Settlement Class Member, including Lead Plaintiffs, suffered any damages, or

that any Settlement Class Member, including Lead Plaintiffs, was harmed by any

conduct alleged in the Litigation or that could have been alleged therein.  Defendants

maintain that they have meritorious defenses to all claims alleged in the Litigation.

- 4 -

Defendants are nevertheless entering into this Settlement to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in a complex case such as this Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.  LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation past the motion to amend the Complaint, a motion to dismiss, through discovery, summary judgment and trial, as well as through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the

- 5 -

difficulties and delays inherent in this type of litigation. Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Litigation. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their own investigation and evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Lead Plaintiffs that the Litigation lacks merit, and without any concession by the Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (on behalf of themselves and the Settlement Class Members) and Defendants, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.    Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claims Administrator" means the firm of JND Legal Administration.

1.4    "Class Member" or "Settlement Class Member" or "Member of the Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.29 below.

1.5    "Defendants" means Aurora, Terry Booth, and Allan Cleiren.

1.6    "Defendants' Counsel" means Jenner & Block LLP and Marino, Tortorella & Boyle, P.C.

1.7    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred or have been waived.

1.8    "Escrow Account" means an interest-bearing account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject

to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of this Stipulation and any order of the Court.

1.9    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP or their respective successor(s).

1.10    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  Without limitation, an order or Judgment becomes Final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of

this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.11 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.12 "Lead Counsel" means the law firms of Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP.

1.13 "Lead Plaintiffs" means Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma.

1.14 "Lead Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class.

1.15  "Litigation" means the lawsuit filed in the United States District Court for the District of New Jersey captioned *In re Aurora Cannabis, Inc. Securities Litigation*, No. 2:19-cv-20588-BRM-JBC (D.N.J.).

1.16  "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.17  "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Settlement Class by mail, email, publication, and other means, locating potential Settlement Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

1.18  "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, professional corporation, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

1.19  "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor the Released Defendant Parties shall have any responsibility or liability with respect thereto.  Any order of the Court modifying or rejecting the Plan of Allocation will not affect the finality or binding nature of the Settlement.

1.20  "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Settlement Class Members informing them of the Settlement contemplated by this Stipulation.

1.21  "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) the preliminary approval of the Settlement set forth in this Stipulation; (ii) preliminary certification of the Settlement Class; and (iii) approval for the mailing and emailing of the Postcard Notice, publication of a Summary Notice, and the posting of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.22 "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim. Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Settlement Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.23 "Released Claims" means any and all claims, rights, and causes of action of every nature and description, including, duties, obligations, demands, losses, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether class or individual in nature, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future, in any forum, whether foreign or domestic, against any or all of Defendants' Released Persons that arise out of or are based upon or relate in any way to: (i) the Litigation, including any claims, causes of action, allegations, acts, transactions, facts, events, matters, occurrences, regulatory filings, statements, representations, disclosures, or omissions that were or could have been set forth, alleged, or referenced in the Litigation; and (ii) the purchase of Aurora common stock on the New York Stock

Exchange at any time during the Class Period.  "Released Claims" does not include claims to enforce the Settlement or any derivative or ERISA claims.  Nor does it include the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court.  "Released Claims" includes "Unknown Claims" as defined in ¶1.34 hereof.  "Released Claims" does not include claims which are alleged in *Landry v. Aurora Cannabis Inc., et al.*, pending in the Court of King's Bench of Alberta, Canada ("Canadian Action") to the extent that such claims are based upon the purchase of Aurora stock on an exchange or market other than the New York Stock Exchange.  For the avoidance of doubt, to the extent a class member or putative class member in the Canadian Action purchased Aurora stock on the New York Stock Exchange and another exchange or market, such claims are released to the extent they are based upon the purchase of Aurora stock on the New York Stock Exchange.

1.24  "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Lead Plaintiffs' Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- 13 -

1.25  "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Former Defendants and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Defendants' and Former Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants or Former Defendants is the settlor or which is for the benefit of any of the Defendants or Former Defendants and/or member(s) of his family, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any of the Defendants or Former Defendants has a controlling interest or which is related to or affiliated with any of the Defendants or Former Defendants.

1.26  "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Lead Plaintiffs' Counsel, and each of

their respective past or present trustees, executors, administrators, officers, directors,
partners, members, employees, contractors, auditors, accountants, advisors (including
financial advisors or consultants), principals, agents, attorneys, predecessors,
successors, assigns, representatives, affiliates, joint ventures, funds, shareholders,
underwriters, insurers, personal or legal representatives, estates, financial advisors or
consultants, banks or investment bankers, parents, subsidiaries, general or limited
partners or partnerships, and limited liability companies; and the spouses, members of
the immediate families, representatives, and heirs of any Releasing Plaintiff Party who
is an individual, as well as any trust of which any Releasing Plaintiff Party is the
settlor or which is for the benefit of any of their immediate family members in their
capacities as such.  Releasing Plaintiff Parties does not include any Person who would
otherwise be a Member of the Class but who validly and timely requests exclusion
therefrom.

  1.27   "Settlement" means the resolution of the Litigation in accordance with
the terms and provisions of this Stipulation.

  1.28   "Settlement Amount" means Eight Million, Fifty Thousand U.S. Dollars
(U.S. $8,050,000) to be paid by wire transfer or check to the Escrow Agent pursuant
to ¶2.2 of this Stipulation.  Under no circumstance shall any Defendant have any
obligation to pay any additional amount beyond the Settlement Amount.

1.29  "Settlement Class" or "Class" means all Persons who purchased Aurora common stock on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive (the "Class Period").  Excluded from the Settlement Class are: (i) Defendants and the Former Defendants and members of their immediate families; (ii) the current and former officers and directors of Aurora and members of their immediate families; (iii) any entity in which any Defendant or Former Defendant has a controlling interest or which is related to or affiliated with any Defendant or Former Defendant; (iv) Aurora's subsidiaries and affiliates or other entities owned or controlled by it; (v) the legal representatives, agents, heirs, successors, administrators, executors, and assigns of each Defendant and Former Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.  To the extent any Aurora employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

1.30  "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.31  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.32    "Settling Parties" means, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

1.33    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.34    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, it, or them might have affected his, her, its, or their settlement and release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released

- 17 -

Defendants' Claims against Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff

- 18 -

Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing

or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### a.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.4 herein, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account by wire transfer or check within forty-five (45) calendar days after the entry of the Preliminary Approval Order, as defined in ¶3.1 herein (the "Funding Date"). The Escrow Agent shall

deposit the Settlement Amount plus any accrued interest in the Escrow Account. No part of the Settlement Amount paid by Defendants or their insurers shall constitute, nor shall it be construed or treated as constituting, a payment for treble damages, fines, penalties, forfeitures, or punitive recoveries.

2.3     Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement, but only if: (i) Lead Counsel have notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow

- 21 -

Account within three (3) calendar days after Lead Counsel have provided such written notice.

2.5    Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, the Released Defendant Parties shall have no obligation to make any other payments pursuant to the Stipulation.

### b.    The Escrow Agent

2.6    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, or in money funds holding only instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.7     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.8     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.9     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.10    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants and/or order of the Court, the reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Settlement Class Members,

- 23 -

assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses"), up to four hundred thousand dollars ($400,000).

2.11    It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim, Postcard Notice, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court.    The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any Notice and Administration Expenses.

### c.    Taxes

2.12    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree that the Settlement Fund is intended to be, and shall be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to an order of the Court approving the establishment of the Settlement Fund (in accordance with Treas. Reg. §1.468B-1(e)(1)), and the Settlement Fund shall remain subject to the subject

matter jurisdiction of the Court throughout the Settlement Fund's existence, all in accordance with Treas. Reg. §1.468B-1(c)(1). The Escrow Agent shall timely make such elections as are necessary to carry out the provisions of this ¶2.12, including a "relation-back election" (as defined in Treas. Reg. §1.468B-1(i)(2)(ii)) back to the earliest effective permitted date, which shall generally be the later of the Funding Date and January 1 of the calendar year in which the Court approves the Settlement Fund. Such elections shall be made in compliance with the procedures and requirements contained in such regulations, and copies thereof, together with proof of copies thereof, together with proof of filing by the Escrow Agent (and any other related documentation or information reasonably requested), shall be provided to the Released Defendant Parties. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver any necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶2.12(a) hereof) shall be consistent with this ¶2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the

- 25 -

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.12(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, including, as the case may be, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.12 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement

- 26 -

Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.12.

2.13   This is not a claims-made settlement. As of the Effective Date, following the Funding Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

### d.   Termination of Settlement

2.14   In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for

4861-9409-8862.v2

any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.10 and 2.12 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), certification of the Settlement Class, and approval for the mailing or emailing of the Postcard Notice and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard Notice shall direct Settlement Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.31 and below.

- 28 -

3.2      Within ten (10) calendar days after entry of the Preliminary Approval Order, Aurora shall provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Aurora common stock during the Class Period, as set forth in the records of its transfer agent. It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3      Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice, at Defendants' expense, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA"), the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

- 29 -

4.    **Releases**

4.1    Upon the Effective Date, as defined in ¶1.7 hereof, Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2    Any Proof of Claim that is executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Defendant Parties.

4.4    Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. Claims to enforce the terms of this Stipulation are not released.

## 5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. With the exception that Defendants shall be responsible for providing any required notice under the CAFA, including the costs and expenses thereof, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Settlement Class Members, or Lead Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or

- 31 -

investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses;

(c)    to pay attorneys' fees and expenses of Lead Plaintiffs' Counsel, and awards to Lead Plaintiffs, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

4861-9409-8862.v2

5.4     Within one hundred-twenty (120) calendar days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Settlement Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in

- 33 -

accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7    Proofs of Claim that do not meet the submission requirements may be rejected.   Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.   The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8    If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise

- 34 -

resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9     Each claimant who does not seek exclusion from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be

made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

4861-9409-8862.v2

5.12   No Person shall have any claim against the Released Defendant Parties, Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

## 6.     Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Lead Plaintiffs' Counsel for distributions from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the

- 37 -

Settlement Fund (until paid) as may be awarded by the Court. Any such fees and expenses awarded shall be paid from the Settlement Fund. Any application for fees and expenses may include a request pursuant to 15 U.S.C. §78u-4(a)(4) for reimbursement of Lead Plaintiffs' reasonable costs and expenses in connection with their representation of the Settlement Class. Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter allocate the attorneys' fees among Lead Plaintiffs' Counsel in a manner in which they in good faith believe reflect the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event

- 38 -

that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including their partners and/or shareholders, and such other Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to this ¶6.3 shall be the several obligation of Lead Plaintiffs' Counsel, including their law firms, partners, and/or shareholders, if they received fees or expenses, to make appropriate refunds or repayments to the Settlement Fund.  Each such Lead Plaintiff or Lead Plaintiffs' Counsel receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are jointly and severally liable for all fees, expenses, and costs paid to them from the Settlement Fund.  Without limitation, Lead Plaintiffs' Counsel and Plaintiffs and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may

make appropriate findings of or sanctions for contempt, should such plaintiffs, law firms, or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Lead Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiffs, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the

- 40 -

Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

## 7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order directing notice to the Settlement Class, as required by ¶3.1 hereof;

(b)    the Settlement Amount has been deposited into the Escrow Account;

- 41 -

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶7.3 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.4-7.6 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3     As set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and Defendants, by and through their counsel, Defendants may terminate the Settlement and render it null and void in the event that

- 42 -

certain conditions and thresholds are met with respect to the Members of the Class who timely and validly exclude themselves therefrom.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than in the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement or by operation of law), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Lead Plaintiffs and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court as to preserve the confidentiality of the Supplemental Agreement, particularly the termination conditions.

7.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to

- 43 -

the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.10 and/or 2.12 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.10 and/or 2.12 hereof, shall be refunded by the Escrow Agent to the entities that paid to the Settlement Fund on behalf of the Defendants.  Such refunds shall be pursuant to written instructions from Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid to the Settlement Fund on behalf of the Defendants.  Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.5    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of March 4, 2024.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.34, 2.8-2.10, 2.12-2.14, 6.3, 7.4-7.6, 8.1, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms

- 44 -

of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Lead Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.10 or 2.12. In addition, any amounts already incurred pursuant to ¶¶2.10 or 2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.14 and 7.4 hereof.

## 8.    No Admission of Wrongdoing

8.1    Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

- 45 -

(a)      shall be offered or received against or to the prejudice of any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)      shall be offered or received against or to the prejudice of Lead Plaintiffs or any Settlement Class Member as evidence that Lead Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Claims;

(c)      shall be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any

- 46 -

Member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and

the Settlement Class;

(d)     shall be offered or received against or to the prejudice of any

Defendant as evidence of a presumption, concession, or admission of any liability,

negligence, fault, or wrongdoing, or in any way referred to for any other reason as

against any of the parties to this Stipulation, in any other civil, criminal, or

administrative action or proceeding; provided, however, that if this Stipulation is

approved by the Court, Defendants and the Released Defendant Parties may refer to it

to effectuate the release granted them hereunder; or

(e)     shall be construed against Defendants, Lead Plaintiffs, or the

Settlement Class as evidence of a presumption, concession, or admission that the

consideration to be given hereunder represents the amount which could be or would

have been recovered after trial or in any proceeding other than this Settlement.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate

this Settlement; and (b) agree to cooperate to the extent reasonably necessary to

effectuate and implement all terms and conditions of this Stipulation and to exercise

their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete

resolution of all disputes between them with respect to the Litigation.  The Settlement

- 47 -

compromises all claims that were or are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree that the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms

- 48 -

of this Stipulation and/or the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning this Stipulation, or its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8    Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by

- 49 -

the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

9.10   Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11   This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

9.12   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt

requested and postage prepaid, and addressed to the intended recipient as set forth

below:

### If to Lead Plaintiffs or to Lead Counsel:

ROBBINS GELLER RUDMAN
 & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101

HAGENS BERMAN SOBOL
 SHAPIRO LLP
LUCAS GILMORE
715 Hearst Avenue, Suite 300
Berkeley, CA  94710

### If to Defendants or Defendants' Counsel:

JENNER & BLOCK LLP          JENNER & BLOCK LLP
ANDREW J. LICHTMAN          HOWARD S. SUSKIN
1155 Avenue of the Americas    353 N. Clark Street
New York, NY  10036          Chicago, IL  60654

9.13   This Stipulation shall be binding upon, and inure to the benefit of, the

successors, heirs, and assigns of the Settling Parties.

9.14   The Court shall retain jurisdiction with respect to implementation and

enforcement of the terms of this Stipulation, and all Settling Parties submit to the

jurisdiction of the Court for purposes of implementing and enforcing the Settlement

embodied in this Stipulation and matters related to the Settlement.

9.15   Any waiver of any of the terms of this Stipulation must be in writing,

signed by the party against whom the waiver is sought to be enforced.  The waiver by

4861-9409-8862.v2

one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

9.17    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New Jersey and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.19    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

- 52 -

9.20    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.21    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 7, 2024.

> CARELLA, BYRNE, CECCHI,
>   BRODY & AGNELLO, P.C.
> JAMES E. CECCHI
> DONALD A. ECKLUND
>
> JAMES E. CECCHI
>
> 5 Becker Farm Road
> Roseland, NJ  07068
> Telephone:  973/994-1700
> 973/994-1744 (fax)
> jcecchi@carellabyrne.com
> decklund@carellabyrne.com
>
> *Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
(admitted *pro hac vice*)
MAGDALENE ECONOMOU
(admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
meconomou@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

HAGENS BERMAN SOBOL
  SHAPIRO LLP
STEVE W. BERMAN
(admitted *pro hac vice*)
SHAYNE C. STEVENSON
(admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com
shaynes@hbsslaw.com

HAGENS BERMAN SOBOL
  SHAPIRO LLP
REED R. KATHREIN
LUCAS GILMORE
(admitted *pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiffs and the
Proposed Class*

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  310/301-3335
310/338-0192 (fax)
brian@schallfirm.com

*Additional Counsel*

JENNER & BLOCK LLP
STEPHEN L. ASCHER
(admitted *pro hac vice*)
ANDREW J. LICHTMAN

_____
        ANDREW J. LICHTMAN

1155 Avenue of the Americas
New York, NY  10036-2711
Telephone:  212/891-1600
212/891-1699 (fax)
sascher@jenner.com
alichtman@jenner.com

- 55 -

JENNER & BLOCK LLP
HOWARD S. SUSKIN
(admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL  60654-3456
Telephone:  312/222-9350
312/527-0484 (fax)
hsuskin@jenner.com

MARINO, TORTORELLA & BOYLE, P.C.
KEVIN H. MARINO

_____
          KEVIN H. MARINO

437 Southern Boulevard
Chatham, NJ  07928-1488
Telephone:  973/824-9300
973/824-8425 (fax)
kmarino@khmarino.com

*Attorneys for Defendants*

- 56 -

# EXHIBIT A

CARELLA, BYRNE, CECCHI,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING |
|   ALL ACTIONS. | ) ) ) | SETTLEMENT AND PROVIDING FOR NOTICE |
| | ) | EXHIBIT A |

WHEREAS, an action is pending before this Court entitled *In re Aurora Cannabis Inc. Sec. Litig.*, No. 2:19-cv-20588-BRM-JBC (D.N.J.) (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated June 7, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)    the proposed Settlement eliminates risks to the Settling Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Lead Plaintiffs or to segments of the Settlement Class;

- 1 -

(d)     the Settlement does not provide excessive compensation to Lead Plaintiffs' Counsel; and

(e)     the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court hereby preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased the common stock of Aurora Cannabis Inc. ("Aurora") on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive (the "Class Period").  Excluded from the Settlement Class are: (i) Defendants and the Former Defendants and members of their immediate families; (ii) the current and former officers and directors of Aurora and members of their immediate families; (iii) any entity in which any Defendant or Former Defendant has a controlling interest or which is related to or affiliated with any Defendant or Former Defendant; (iv) Aurora's subsidiaries and affiliates or other entities owned or controlled by it; (v) the legal representatives, agents, heirs,

- 2 -

successors, administrators, executors, and assigns of each Defendant and Former Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion.  To the extent any Aurora employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

3.       The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (iv) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (vi) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma are preliminarily certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP and

Hagens Berman Sobol Shapiro LLP are preliminarily certified as Class Counsel.

5.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at ___ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of New Jersey, Frank R. Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, New Jersey, 07102, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment, as provided in ¶1.11 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of fees and expenses that should be awarded to Lead Plaintiffs' Counsel and to Lead Plaintiffs; and (v) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications

arising out of or connected with the proposed Settlement.  The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Within ten (10) calendar days after entry of this Order, Aurora shall provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Aurora common stock on the New York Stock Exchange during the Class Period, as set forth in the records of its transfer agent.

9.      Other than the fees, costs, and expenses of providing notice pursuant to

the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

10.    The firm of JND Legal Administration ("JND" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)    Not later than _____, 2024 (the "Notice Date") (a date twenty-one (21) calendar days after entry by this Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where email addresses are not available) to all potential Settlement Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website    established    for    this    Litigation    at www.AuroraCannabisSecuritiesLitigation.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)    Not later than _____, 2024 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be

published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

      (c)    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

    11.    Nominees who purchased Aurora common stock on the New York Stock Exchange during the Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the

Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

12. Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

13. Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2024 (a date one hundred-

- 8 -

twenty (120) calendar days from the Notice Date).  Any Class Member who does not

timely submit a Proof of Claim within the time provided for shall be barred from

sharing in the distribution of the proceeds of the Net Settlement Fund, unless

otherwise ordered by the Court, but will in all other respects be subject to and bound

by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the

foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for

processing by the Claims Administrator so long as distribution of the Net Settlement

Fund to Authorized Claimants is not materially delayed thereby.  No person shall have

any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims

Administrator by reason of the decision to exercise such discretion whether to accept

late-submitted Claims.

14.    Any Settlement Class Member may enter an appearance in the Litigation,

at his, her, their, or its own expense, individually or through counsel of their own

choice.  Any Settlement Class Member who does not enter an appearance will be

represented by Lead Counsel.

15.    Any Member of the Class who wishes to exclude himself, herself, itself,

or themselves from the Settlement Class must request exclusion in writing within the

time and in the manner set forth in the Notice.  Any such Person must submit to the

Claims Administrator a signed request for exclusion ("Request for Exclusion") such

that it is postmarked no later than _____, 2024 (a date that is twenty-one (21)

calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Aurora common stock purchased and sold on the New York Stock Exchange during the Class Period and price paid for each such purchase and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment.  Unless otherwise ordered by the Court, any Person who purchased Aurora common stock on the New York Stock Exchange during the Class Period who fails to timely request exclusion from the Settlement Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class.

16.    Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

17.    Any Settlement Class Member who or which does not request exclusion

- 10 -

from the Settlement Class may file a written objection to the proposed Settlement and

show cause why the proposed Settlement of the Litigation should or should not be

approved as fair, reasonable, and adequate, why a judgment should or should not be

entered thereon, why the Plan of Allocation should or should not be approved, or why

attorneys' fees and expenses should or should not be awarded to Lead Plaintiffs'

Counsel or Lead Plaintiffs, provided, however, that no Settlement Class Member or

any other Person shall be heard or entitled to contest such matters, unless that Person

has delivered by hand or sent by First-Class Mail written objections and copies of any

papers and briefs such that they are received, not simply postmarked, on or before

_____, 2024 (a date that is twenty-one (21) calendar days prior to the

Settlement Hearing), by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff

Stewart, 655 West Broadway, Suite 1900, San Diego, CA  92101; Hagens Berman

Sobol Shapiro LLP, Attn: Lucas Gilmore, 715 Hearst Avenue, Suite 300, Berkeley,

CA  94710; and Jenner & Block LLP, Attn: Howard S. Suskin, 353 N. Clark Street,

Chicago, IL  60654-3456 and Andrew J. Lichtman, 1155 Avenue of the Americas,

New York, NY  10036-2711; and filed said objections, papers, and briefs with the

Clerk of the United States District Court for the District of New Jersey, Martin Luther

King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07102,

on or before _____, 2024 (a date that is twenty-one (21) calendar days

prior to the Settlement Hearing).  Any Settlement Class Member who does not make

his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel or Lead Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

18.    Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents

- 12 -

sufficient to prove membership in the Settlement Class, including the objecting

Settlement Class Member's purchases and sales of Aurora common stock on the New

York Stock Exchange during the Class Period, including the dates and the number of

shares purchased or sold, and the price paid or received for each such purchase or sale;

and (iv) identify all class action settlements to which the objector or his, her, or its

counsel have previously objected.

19.     Any Settlement Class Member who does not object to the Settlement, the

Plan of Allocation, or the application for an award of attorneys' fees, costs, charges,

and expenses in the manner prescribed herein and in the Notice shall be deemed to

have waived such objection, and shall forever be foreclosed from making any

objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this

Order and the Judgment to be entered approving the Settlement, the Plan of

Allocation, and/or the application by Lead Counsel for an award of attorneys' fees

together with costs, charges, and expenses.

20.     All funds held by the Escrow Agent shall be deemed and considered to be

*in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

until such time as such funds shall be distributed pursuant to the Stipulation and/or

further order(s) of the Court.

21.     All opening briefs and supporting documents in support of the

Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys'

fees and expenses shall be filed and served by _____, 2024 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served by _____, 2024 (a date that is seven (7) calendar days prior to the Settlement Hearing).

22.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or expenses of Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Litigation.

23.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24.    All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their

counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

25.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void,

- 15 -

and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of March 4, 2024.

27.     Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED:  _____       _____
                              THE HONORABLE BRIAN R. MARTINOTTI
                              UNITED STATES DISTRICT JUDGE

4885-4810-6671.v3

# EXHIBIT A-1

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF |
| ALL ACTIONS. | ) ) | CLASS ACTION |
| | ) | EXHIBIT A-1 |

**TO:  ALL PERSONS AND ENTITIES WHO PURCHASED AURORA
CANNABIS INC. ("AURORA" OR THE "COMPANY") COMMON
STOCK ON THE NEW YORK STOCK EXCHANGE BETWEEN
OCTOBER 23, 2018 AND FEBRUARY 28, 2020, INCLUSIVE (THE
"SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR
RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.
PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU
MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT
DESCRIBED IN THIS NOTICE.    TO CLAIM YOUR SHARE OF THE
SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM
AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR
SUBMITTED ONLINE ON OR BEFORE _____, 2024**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A
LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has
been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an
Order of the United States District Court for the District of New Jersey (the "Court").
The purpose of this Notice is to inform you of: (i) the pendency of this class action
(the "Litigation") between Doug Daulton, Francisco Quintana, Donald S. Parrish, and
Quang Ma ("Lead Plaintiffs") and Aurora, Terry Booth, and Allan Cleiren
("Defendants"); (ii) the proposed $8.05 million settlement reached therein (the
"Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court
to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in
the Stipulation of Settlement dated June 7, 2024 (the "Stipulation"), by and between
Lead Plaintiffs and Defendants (the "Settling Parties").  This Notice describes what
steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any
opinion by the Court with respect to the truth of the allegations in the Litigation as to
any of the Defendants or the merits of the claims or defenses asserted by or against the
Defendants.  This Notice is solely to advise you of the proposed Settlement of the
Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall
have the meanings provided in the Stipulation, which is available on the website
www.AuroraCannabisSecuritiesLitigation.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024. The Proof of Claim and Release form ("Proof of Claim" or "Proof of Claim Form") is available on the website.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Defendants' Released Persons about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before _____, 2024. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2024 AT _____** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

4863-5651-8575.v3

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, an $8.05 million settlement fund has been established.  Based on Lead Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per common share under the Plan of Allocation is approximately $0.05, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Settlement Class Members should note, however, that these are only estimates**.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than these estimated average amounts.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each or any claim alleged.  Defendants deny that they are liable to the Settlement Class, deny that the Settlement Class has suffered any damages, and deny any wrongdoing or liability whatsoever.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Aurora common stock traded on the New York Stock Exchange was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of Aurora common stock traded on the New York Stock Exchange was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of Aurora common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of Aurora common stock traded on the New York Stock Exchange at various times during the relevant period; (7) the extent to which the matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Aurora common stock traded on the New York Stock Exchange at various times during the relevant period; and (8) the extent to

which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Aurora common stock traded on the New York Stock Exchange at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Lead Plaintiffs' Counsel for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses not to exceed $150,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, one or more of the Lead Plaintiffs may seek reimbursement of their time and expenses in connection with their representation of the Settlement Class. If the amounts requested are approved by the Court, the average cost per Aurora common share will be approximately $0.01.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-877-495-6308.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, or Hagens Berman Sobol Shapiro LLP, Lucas Gilmore, 715 Hearst Avenue, Suite 300, Berkeley, CA 94710, 1-510-725-3000, lucasg@hbsslaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be

achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|----|-----------------------------------|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased Aurora common stock on the New York Stock Exchange during the period between October 23, 2018 and February 28, 2020, inclusive (the "Class Period").[2]

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of New Jersey, and the case is known as *In re Aurora Cannabis Inc. Securities Litigation*, No. 2:19-cv-20588-BRM-JBC. The case has been assigned to the Honorable Brian R. Martinotti. The individuals representing the Settlement Class are the "Lead Plaintiffs," and the individuals and entity they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|----|-----------------------------|

*In re Aurora Cannabis, Inc. Securities Litigation* is currently pending before the Honorable Brian R. Martinotti in the United States District Court for the District of

---

[2]    This Litigation is separate and distinct from the case entitled *Landry v. Aurora Cannabis Inc., et al.*, filed in the Court of King's Bench of Alberta, Canada, on behalf of purchasers of Aurora securities on the Toronto Stock Exchange on or after September 11, 2019, and who held some or all of those shares until after the close of trading on November 14, 2019, November 18, 2019, November 29, 2019, or December 21, 2019.

New Jersey (the "Court"). The initial complaint in the Litigation was filed on November 21, 2019 before Judge John M. Vazquez. On July 23, 2020, the Court appointed Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP as Lead Counsel.[3]

On September 21, 2020, Lead Plaintiffs filed their Amended Complaint and Demand for July Trial alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The Amended Complaint alleged that Defendants failed to disclose that they had materially misrepresented the Company's business and prospects. Defendants and former defendants Stephen Dobler, Glen Ibbott, Cameron Battley, Michael Singer, and Jason Dyck (the "Former Defendants") moved to dismiss the Amended Complaint, which was granted without prejudice on July 6, 2021. On September 7, 2021, Lead Plaintiffs filed their Second Amended Complaint and Demand for Jury Trial (the "SAC"), which added allegations about the Company's transaction with Radient Technologies Inc. On December 6, 2021, Defendants and the Former Defendants moved to dismiss the SAC, and on September 23, 2022, the Court granted the motion to dismiss without prejudice.

On November 7, 2022, Lead Plaintiffs filed the operative Third Amended Complaint and Demand for Jury Trial (the "Complaint"). On January 6, 2023, Defendants moved to dismiss the Complaint. On August 24, 2023, the Court issued an opinion and entered an order granting in part and denying in part the motion to dismiss. On September 8, 2023, Lead Plaintiffs filed a Motion for Partial Reconsideration and/or Clarification of the Court's August 24, 2023 Opinion. Defendants opposed Lead Plaintiffs' motion on September 26, 2023. Defendants answered the Complaint on September 22, 2023.

On September 14, 2023, the litigation was reassigned to Judge Martinotti. Magistrate Judge Clark held a Rule 16 scheduling conference on October 26, 2023, and on that date, Judge Clark entered the Parties' Pretrial Scheduling Order. The Court held a conference with the Parties on November 16, 2023, and following that conference Lead Counsel informed the Court of their decision to withdraw the motion for reconsideration and move to amend the Complaint. On January 22, 2024, Lead Plaintiffs filed their motion to amend the Complaint. Defendants opposed the motion to amend the Complaint. The motion was pending at the time this agreement was reached.

---

[3]    The Court also appointed Matt Golis as Lead Plaintiff, but he is no longer serving in that capacity.

During the course of discovery, the Parties exchanged written discovery requests, Lead Plaintiffs served third party discovery, the Parties negotiated a protective order which was "So Ordered" by the Court, and they submitted a proposed electronic discovery agreement, which was "So Ordered" by the Court.

On March 4, 2024, Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with Robert A. Meyer, Esq. of JAMS. The mediation session was preceded by submission of mediation statements by the Settling Parties. The Settling Parties engaged in good-faith negotiations, and after a full day of mediation, accepted a mediator's proposal to settle the Litigation in exchange for a cash payment of $8.05 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| **3.** | **Why is there a settlement?** |
|---|---|

The Court has not decided in favor of Defendants or of the Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am a Member of the Settlement Class?** |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased Aurora common stock on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive. Excluded from the Settlement Class are: (i) Defendants and the Former Defendants and members of their immediate families; (ii) the current and former officers and directors of Aurora and members of their immediate families; (iii) any entity in which any Defendant or Former Defendant has a controlling interest or which is related to or affiliated with any Defendant or Former Defendant; (iv) Aurora's subsidiaries and affiliates or other entities owned or controlled by it; (v) the legal representatives, agents, heirs, successors, administrators, executors, and assigns of each Defendant and Former Defendant; and (vi) any Persons who properly exclude themselves by submitting a valid and timely request for exclusion. To the extent any Aurora employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim which is available on the website and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

| **5.** | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-877-495-6308, or you can fill out and return the Proof of Claim form to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **6.** | **What does the Settlement provide?** |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $8.05 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim.   A  Proof  of  Claim  may  be  downloaded  at www.AuroraCannabisSecuritiesLitigation.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Aurora Cannabis Securities Litigation*, c/o JND Legal Administration, Claims Administrator, P.O. Box 91320, Seattle, WA  98111) **or submit it online so that it is**

- 8 -

**postmarked or received no later than _____, 2024**.  The Proof of Claim may be submitted online at www.AuroraCannabisSecuritiesLitigation.com.

| 9. | **When would I get my payment?** |
|---|---|

     **The Court will hold a Settlement Hearing on _____, 2024, at _____ ___.m.**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

     Unless you timely and validly exclude yourself in connection with this Settlement, you are in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Claims" means any and all claims, rights, and causes of action of every nature and description, including, duties, obligations, demands, losses, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages, and liabilities, whether known or unknown, contingent or non-contingent, suspected or unsuspected, discoverable or undiscoverable, concealed or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity, whether class or individual in nature, whether arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, that have been asserted, could have been asserted, or could be asserted in the future, in any forum, whether foreign or domestic, against any or all of Defendants' Released Persons that arise out of or are based upon or relate in any way to: (i) the Litigation, including any claims, causes of action, allegations, acts, transactions, facts, events, matters, occurrences, regulatory filings, statements, representations, disclosures, or omissions that were or could have been set forth, alleged, or referenced in the Litigation; and (ii) the purchase of Aurora common stock on the New York Stock Exchange at any time

during the Class Period. "Released Claims" does not include claims to enforce the Settlement or any derivative or ERISA claims. Nor does it include the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below. "Released Claims" does not include claims which are alleged in *Landry v. Aurora Cannabis Inc., et al.*, pending in the Court of King's Bench of Alberta, Canada ("Canadian Action") to the extent that such claims are based upon the purchase of Aurora stock on an exchange or market other than the New York Stock Exchange. For the avoidance of doubt, to the extent a class member or putative class member in the Canadian Action purchased Aurora stock on the New York Stock Exchange and another exchange or market, such claims are released to the extent they are based upon the purchase or Aurora stock on the New York Stock Exchange.

• "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Lead Plaintiffs' Counsel, or any Settlement Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

• "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Former Defendants and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Defendants' and Former Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants or Former Defendants is the settlor or which is for the benefit of any of the Defendants or Former Defendants

- 10 -

and/or member(s) of his family, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any of the Defendants or Former Defendants has a controlling interest or which is related to or affiliated with any of the Defendants or Former Defendants.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, it, or them might have affected his, her, its, or their settlement and release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is

- 11 -

similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

- 12 -

waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Defendants' Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. Also, the Parties have agreed that Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Settlement Class who collectively purchased a certain number of shares of Aurora common stock on the New York Stock Exchange exclude themselves from the Settlement Class.

| **11.    How do I get out of the Settlement Class and the proposed Settlement?** |
| --- |

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the "*Aurora Cannabis Securities Settlement*." Your letter must include your purchases and sales of Aurora common stock on the New York Stock Exchange during the Class Period, including the dates and number of shares of Aurora common stock you purchased and sold and price paid for each such purchase and received for each such sale. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than _____, 2024** to:

> *Aurora Cannabis Securities Litigation*
> Claims Administrator
> c/o JND Legal Administration
> EXCLUSIONS
> P.O. Box 91320
> Seattle, WA  98111

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other

- 13 -

Defendants' Released Persons about the Released Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Defendants' Released Persons for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Defendants' Released Persons for any and all Released Claims. If you have a pending lawsuit against the Defendants' Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2024.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the Defendants' Released Persons.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP represent the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $150,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may seek up to $40,000 in the aggregate for their time and expenses incurred in representing the Settlement Class. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

## 16.    How do I tell the Court that I object to the proposed Settlement?

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Plaintiffs' Counsel's fee and expense application and awards to Lead Plaintiffs. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Aurora Cannabis Securities Settlement*. Include your name, address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares purchased or sold of Aurora common stock on the New York Stock Exchange during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases and/or sales of Aurora common stock on the New York Stock Exchange during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than _____, 2024:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, NJ  07102 | ROBBINS GELLER RUDMAN  & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA  92101  HAGENS BERMAN  SOBOL SHAPIRO LLP Attn: Lucas Gilmore 715 Hearst Avenue, Suite 300 Berkeley, CA  94710 | JENNER & BLOCK LLP Attn: Howard S. Suskin 353 N. Clark Street Chicago, IL  60654-3456  Andrew J. Lichtman 1155 Avenue of the Americas New York, NY  10036-2711 |

4863-5651-8575.v3

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the Released Defendant Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at ___ __.m., on _____, **2024**, in the Courtroom of the Honorable Brian R. Martinotti, at the United States District Court for the District of New Jersey, Frank R. Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ  07102.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs.  At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Settlement Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video conference, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.AuroraCannabisSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing,**

- 16 -

**including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**. If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Settlement Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Settlement Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Aurora Cannabis Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiffs' Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

4863-5651-8575.v3

# IF YOU DO NOTHING

| 21.    What happens if I do nothing? |
| --- |

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the Released Defendant Parties about the Released Claims in this case.

# GETTING MORE INFORMATION

| 22.    How do I get more information? |
| --- |

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-495-6308. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AuroraCannabisSecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

# THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

| 23.    How will my claim be calculated? |
| --- |

As discussed above, the Settlement provides $8.05 million in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Settlement Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this

- 18 -

proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AuroraCannabisSecuritiesLitigation.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not necessarily intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages consultant.  In developing the Plan of Allocation, Lead Plaintiffs' damages consultant calculated the estimated amount of alleged artificial inflation in the per share prices of Aurora common stock traded on the New York Stock Exchange that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions.

As previously described in the Notice, the Net Settlement Fund is the remainder of the Settlement Fund after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs, and any applicable taxes.

In calculating the estimated artificial inflation allegedly caused by the misrepresentations and omissions, Lead Plaintiffs' damages consultant considered statistically significant price changes in Aurora common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Aurora-specific information.

In order to have recoverable damages in connection with purchases of Aurora common stock on the New York Stock Exchange during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Aurora common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between October 23, 2018 through and including the close of trading on February 28, 2020, which had the effect of artificially inflating the prices of Aurora common stock traded on the

- 19 -

New York Exchange.  Lead Plaintiffs assert that, as the result of the alleged corrective disclosures, artificial inflation was removed from the price of Aurora stock.

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Aurora common stock traded on the New York Stock Exchange must have been purchased during the Class Period and held through a corrective disclosure.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formulas stated below, a "Recognized Claim Amount" will be calculated for each purchase of Aurora common stock on the New York Stock Exchange during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Claim Amount calculates to a negative number or zero under the formulas below, that Recognized Claim Amount will be zero.

For each share of Aurora common stock purchased on the New York Stock Exchange during the period between October 23, 2018 through February 28, 2020, inclusive,[4] and:

(a)    Sold prior to September 12, 2019, the Recognized Claim Amount per share is zero;

(b)    Sold on or between September 12, 2019 through and including the close of trading on February 27, 2020, the Recognized Claim Amount will be *the lesser of*: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale (as presented in Table A below); and (ii) the difference between the purchase price and the sale price;

(c)    If you retained at the end of February 27, 2020, and sold on or before May 27, 2020, the Recognized Claim Amount per share shall be *the least of*: (i) the inflation per share at the time of purchase (as shown in Table A below); (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below; and

---

[4]   For Aurora common shares purchased on February 28, 2020, the Recognized Claim Amount shall be zero.

(d)     Held as of the close of trading on May 27, 2020, or sold thereafter, the Recognized Claim Amount shall be ***the lesser of***: (i) the inflation per share at the time of purchase (as shown in Table A below), or (ii) the purchase price minus $10.41, the average closing price for Aurora common stock on the New York Stock Exchange between February 28, 2020 through May 27, 2020 (the last entry in Table B below).[5]

**TABLE A**

| Inflation Period | Inflation per share |
|---|---|
| October 23, 2018 – September 11, 2019 | $6.01 |
| September 12, 2019 – October 9, 2019 | $5.65 |
| October 10, 2019 – October 17, 2019 | $2.14 |
| October 18, 2019 – February 6, 2020 | $0.25 |
| February 7, 2020 – February 27, 2020 | $0.07 |
| February 28, 2020 | $0.00 |

---

[5]   Under Section 21(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Aurora common stock traded on the New York Stock Exchange during the 90-day look-back period. The mean (average) closing price for Aurora common stock traded on the New York Stock Exchange during this 90-day look-back period was $10.41 as shown in Table B.

- 21 -

## TABLE B

| Date | Price | Average Closing Price |
|---|---|---|
| 2/28/2020 | $16.08 | $16.08 |
| 3/2/2020 | $16.32 | $16.20 |
| 3/3/2020 | $15.96 | $16.12 |
| 3/4/2020 | $16.56 | $16.23 |
| 3/5/2020 | $15.72 | $16.13 |
| 3/6/2020 | $14.04 | $15.78 |
| 3/9/2020 | $11.39 | $15.15 |
| 3/10/2020 | $11.76 | $14.73 |
| 3/11/2020 | $10.31 | $14.24 |
| 3/12/2020 | $8.40 | $13.65 |
| 3/13/2020 | $9.24 | $13.25 |
| 3/16/2020 | $8.30 | $12.84 |
| 3/17/2020 | $8.52 | $12.51 |
| 3/18/2020 | $7.50 | $12.15 |
| 3/19/2020 | $7.94 | $11.87 |
| 3/20/2020 | $8.76 | $11.68 |
| 3/23/2020 | $8.20 | $11.47 |
| 3/24/2020 | $8.60 | $11.31 |
| 3/25/2020 | $8.95 | $11.19 |
| 3/26/2020 | $10.86 | $11.17 |
| 3/27/2020 | $12.36 | $11.23 |
| 3/30/2020 | $10.66 | $11.20 |
| 3/31/2020 | $10.87 | $11.19 |
| 4/1/2020 | $9.71 | $11.13 |
| 4/2/2020 | $10.00 | $11.08 |
| 4/3/2020 | $9.72 | $11.03 |
| 4/6/2020 | $9.60 | $10.98 |
| 4/7/2020 | $9.60 | $10.93 |
| 4/8/2020 | $10.22 | $10.90 |
| 4/9/2020 | $10.51 | $10.89 |
| 4/13/2020 | $9.12 | $10.83 |
| 4/14/2020 | $9.00 | $10.77 |
| 4/15/2020 | $8.51 | $10.71 |
| 4/16/2020 | $8.03 | $10.63 |
| 4/17/2020 | $8.28 | $10.56 |
| 4/20/2020 | $8.58 | $10.51 |
| 4/21/2020 | $8.64 | $10.45 |
| 4/22/2020 | $8.62 | $10.41 |
| 4/23/2020 | $8.59 | $10.36 |
| 4/24/2020 | $8.76 | $10.32 |
| 4/27/2020 | $9.12 | $10.29 |
| 4/28/2020 | $9.10 | $10.26 |
| 4/29/2020 | $9.05 | $10.23 |
| 4/30/2020 | $8.88 | $10.20 |
| 5/1/2020 | $8.44 | $10.16 |

- 22 -

| | | |
|---|---|---|
| 5/4/2020 | $8.52 | $10.13 |
| 5/5/2020 | $8.39 | $10.09 |
| 5/6/2020 | $8.30 | $10.05 |
| 5/7/2020 | $8.33 | $10.02 |
| 5/8/2020 | $8.06 | $9.98 |
| 5/11/2020 | $7.41 | $9.93 |
| 5/12/2020 | $6.46 | $9.86 |
| 5/13/2020 | $5.80 | $9.79 |
| 5/14/2020 | $6.64 | $9.73 |
| 5/15/2020 | $11.20 | $9.75 |
| 5/18/2020 | $17.10 | $9.89 |
| 5/19/2020 | $14.65 | $9.97 |
| 5/20/2020 | $12.75 | $10.02 |
| 5/21/2020 | $17.40 | $10.14 |
| 5/22/2020 | $16.01 | $10.24 |
| 5/26/2020 | $15.61 | $10.33 |
| 5/27/2020 | $15.30 | $10.41 |

If a Settlement Class Member held Aurora common stock traded on the New York Stock Exchange at the beginning of the Class Period or made multiple purchases or sales of Aurora common stock traded on the New York Stock Exchange during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases and their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Aurora common stock sold on the New York Stock Exchange during the Class Period will be matched, in chronological order first against Aurora common stock traded on the New York Stock Exchange held at the beginning of the Class Period. The remaining sales of Aurora common stock during the Class Period will then be matched, in chronological order against Aurora common stock purchased on the New York Stock Exchange during the Class Period.

Purchases and sales of Aurora common stock on the New York Stock Exchange shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Aurora common stock traded on the New York Stock Exchange during the Class Period shall not be deemed a purchase or sale of Aurora common stock on the New York Stock Exchange for the calculation of a Recognized Claim Amount, unless (i) the donor or decedent purchased such shares of Aurora common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Aurora common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

- 23 -

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Recognized Claim Amount is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Aurora common stock on the New York Stock Exchange during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Aurora common stock on the New York Stock Exchange during the Class Period but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Defendants' Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Lead Plaintiffs' Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased Aurora common stock on the New York Stock Exchange during the Class Period for beneficial owners who are Settlement Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-

free 877-495-6308, and may be downloaded from the Settlement website, www.AuroraCannabisSecuritiesLitigation.com.

*Aurora Cannabis Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91320
____Seattle, WA  98111
www.AuroraCannabisSecuritiesLitigation.com

DATED: _____          _____
                                        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF NEW JERSEY

- 26 -

# EXHIBIT A-2

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) ) | EXHIBIT A-2 |
| | ) | |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Settlement Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, ADDRESSED AS FOLLOWS:

*Aurora Cannabis Securities Settlement*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91320
Seattle, WA  98111
Online Submissions:  www.AuroraCannabisSecuritiesLitigation.com

If you are NOT a Settlement Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

---

[1]    This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.AuroraCannabisSecuritiesLitigation.com.

- 1 -

4.     If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased Aurora Cannabis Inc. ("Aurora") common stock on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive (the "Class Period"), and are not otherwise excluded from the Settlement Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee") of Aurora common stock that forms the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF AURORA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in

- 2 -

verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Aurora Common Stock on the New York Stock Exchange" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** of your purchases and sales of Aurora common stock on the New York Stock Exchange that took place between October 23, 2018 and May 27, 2020, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to the number of shares of Aurora common stock you held at the close of trading on February 28, 2020 and on May 27, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

- 3 -

The date of covering a "short sale" is deemed to be the date of purchase of Aurora common stock.  The date of a "short sale" is deemed to be the date of sale of Aurora common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AURORA COMMON STOCK ON THE NEW YORK STOCK EXCHANGE MUST BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at info@auroracannabissecuritieslitigation.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

- 4 -

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

*In re Aurora Cannabis Inc. Securities Litigation*

Civil Action No. 2:19-cv-20588-BRM-JBC

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online)
No Later than:**

**_____, 2024**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN AURORA COMMON STOCK ON THE NEW YORK STOCK EXCHANGE.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

4877-7183-8383.v3

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

Taxpayer Identification Number

— — or —

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

— — —

Email Address

**MAILING INFORMATION**

Address

Address

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

- 6 -

PART II:     SCHEDULE OF TRANSACTIONS IN AURORA COMMON STOCK
ON THE NEW YORK STOCK EXCHANGE

**A.     Purchases of Aurora common stock on the New York Stock Exchange (October 23, 2018 through May 27, 2020, inclusive):[2]**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased | Total Purchase Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y  □ N |
| 2._____ | 2._____ | 2._____ | □ Y  □ N |
| 3._____ | 3._____ | 3._____ | □ Y  □ N |

IMPORTANT:     (i)  If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii)  If you received shares through an acquisition or merger at some date beginning October 23, 2018 through May 27, 2020, please identify the date, the share amount, and the company acquired:

____/____/_____          _____     _____
MM  DD YYYY          Merger Shares          Company

---

[2]     Information requested about your purchases of Aurora common stock on the New York Stock Exchange on February 29, 2020 through and including May 27, 2020, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period are not eligible for a recovery because they were made outside of the Class Period.

**B.    Sales of Aurora common stock on the New York Stock Exchange (October 23, 2018 through May 27, 2020, inclusive):**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | 1._____ 2._____ 3._____ | □ Y □ N □ Y □ N □ Y □ N |

**C.    Number of shares of Aurora common stock purchased on the New York Stock Exchange held at the close of trading on February 28, 2020: _____**

Proof of Position Enclosed:        □ Yes □ No

**D.    Number of shares of Aurora common stock purchased on the New York Stock Exchange held at the close of trading on May 27, 2020: _____**

Proof of Position Enclosed:        □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment

- 8 -

4877-7183-8383.v3

that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Aurora common stock on the New York Stock Exchange during the relevant period and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Defendants' Released Persons," defined as any or all of Defendants and the Former Defendants and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Defendants' and Former Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust

of which any of the Defendants or Former Defendants is the settlor or which is for the

benefit of any of the Defendants or Former Defendants and/or member(s) of his

family, and any person, firm, trust, corporation, officer, director or other individual or

entity in which any of the Defendants or Former Defendants has a controlling interest

or which is related to or affiliated with any of the Defendants or Former Defendants.

2. "Released Claims" means any and all claims, rights, and causes of action

of every nature and description, including, duties, obligations, demands, losses,

actions, debts, sums of money, suits, contracts, agreements, judgments, matters,

issues, promises, damages and liabilities, whether known or unknown, contingent or

non-contingent, suspected or unsuspected, discoverable or undiscoverable, concealed

or hidden, liquidated or unliquidated, accrued or unaccrued, at law or in equity,

whether class or individual in nature, whether arising under federal or state statutory

or common law or any other law, rule or regulation, whether foreign or domestic, that

have been asserted, could have been asserted, or could be asserted in the future, in any

forum, whether foreign or domestic, against any or all of Defendants' Released

Persons that arise out of or are based upon or relate in any way to: (i) the Litigation,

including any claims, causes of action, allegations, acts, transactions, facts, events,

matters, occurrences, regulatory filings, statements, representations, disclosures, or

omissions that were or could have been set forth, alleged, or referenced in the

Litigation; and (ii) the purchase of Aurora common stock on the New York Stock

- 10 -

Exchange at any time during the Class Period. "Released Claims" does not include claims to enforce the Settlement or any derivative or ERISA claims. Nor does it include the claims of any Person who submits a request for exclusion in connection with this Settlement that is accepted by the Court. "Released Claims" includes "Unknown Claims" as defined below. "Released Claims" does not include claims which are alleged in *Landry v. Aurora Cannabis Inc., et al.*, pending in the Court of King's Bench of Alberta, Canada ("Canadian Action") to the extent that such claims are based upon the purchase of Aurora stock on an exchange or market other than the New York Stock Exchange. For the avoidance of doubt, to the extent a class member or putative class member in the Canadian action purchased Aurora stock on the New York Stock Exchange and another exchange or market, such claims are released to the extent they are based upon the purchase of Aurora stock on the New York Stock Exchange.

3.      "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released

Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, it, or them, might have affected his, her, its, or their settlement and release of Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel.  With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The

- 12 -

Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released,

- 13 -

and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Aurora common stock on the New York Stock Exchange that occurred during the relevant period as well as the number

of shares held by me (us) at the close of trading on February 28, 2020 and May 27, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this ____ day of _____ in _____,
　　　　　　　　　　　　　　　　　(Month/Year)　　　　　(City)

_____.
　　(State/Country)


_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

- 15 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

3.    **Do not send** originals of certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR
MAILED NO LATER THAN _____, 2024, ADDRESSED AS
FOLLOWS:**

*Aurora Cannabis Settlement*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91320
Seattle, WA  98111
Online Submissions: www.AuroraCannabisSecuritiesLitigation.com

4877-7183-8383.v3

# EXHIBIT A-3

CARELLA, BYRNE, CECCHI,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

No. 2:19-cv-20588-BRM-JBC

<u>CLASS ACTION</u>

SUMMARY NOTICE OF PROPOSED
SETTLEMENT OF CLASS ACTION

EXHIBIT A-3

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED AURORA CANNABIS INC. ("AURORA") COMMON STOCK ON THE NEW YORK STOCK EXCHANGE BETWEEN OCTOBER 23, 2018 AND FEBRUARY 28, 2020, INCLUSIVE ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2024, at _____ ____.m., before the Honorable Brian R. Martinotti at the United States District Court, District of New Jersey, Frank R. Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, New Jersey 07102, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned Litigation as set forth in the Stipulation of Settlement ("Stipulation")[1] for $8.05 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amounts; (4) to reimburse Lead Plaintiffs for their time and expenses in connection with their representation of the Settlement Class and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

---

[1] The Stipulation can be viewed and/or obtained at www.AuroraCannabisSecuritiesLitigation.com.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or videoconference, without further written notice to the Settlement Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.AuroraCannabisSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will also be posted to that website.  Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or videoconference, the access information will be posted to the Settlement website, www.AuroraCannabisSecuritiesLitigation.com.

IF YOU PURCHASED AURORA COMMON STOCK ON THE NEW YORK STOCK EXCHANGE BETWEEN OCTOBER 23, 2018 AND FEBRUARY 28, 2020, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail

**(postmarked no later than _____, 2024)** or electronically **(no later than _____, 2024)**. Your failure to submit your Proof of Claim by _____, 2024, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased Aurora common stock on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive, and do not request exclusion from the Settlement Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definition for the defined terms used in this Summary Notice), and other important documents, may be accessed online at www.AuroraCannabisSecuritiesLitigation.com, or by writing to or calling:

*Aurora Cannabis Securities Settlement*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91320
Seattle, WA  98111
Telephone: 1-877-495-6308

Inquiries should NOT be directed to Aurora, Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

**ROBBINS GELLER RUDMAN & DOWD LLP**
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

- or -

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas Gilmore
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: 1-510-725-3000
lucasg@hbsslaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 25% OF THE $8.05 MILLION SETTLEMENT AMOUNT, LITIGATION EXPENSES NOT TO EXCEED

- 4 -

$150,000, PLUS INTEREST ON BOTH AMOUNTS, OR AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4). ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____           BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

4855-9112-9007.v3

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**

*In re Aurora Cannabis Inc. Sec. Litig.*,
No. 2:19-cv-20588-BRM-JBC (D.N.J.)
c/o JND Legal Administration
P.O. Box 91320
Seattle, WA  98111

www.AuroraCannabisSecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a securities class action settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read it carefully.

4868-4129-6047.v3

*In re Aurora Cannabis Inc. Sec. Litig.*
No. 2:19-cv-20588-BRM-JBC (D.N.J.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.AURORACANNABISSECURITIESLITIGATION.COM OR CALL 1-877-495-6308  FOR MORE INFORMATION

If you purchased Aurora Cannabis Inc. ("Aurora" or the "Company") common stock on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation").  Your rights may be affected by this Litigation and the Settlement.  A hearing will be held on _____, 2024, at _____ ___.m., before Judge Brian R. Martinotti, to determine whether the proposed Settlement of the Litigation against Defendants Aurora, Terry Booth, and Allan Cleiren for $8.05 million and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Litigation should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; whether Lead Plaintiffs' Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount, and expenses not to exceed $150,000, plus interest on both amounts, should be granted; and whether awards to Lead Plaintiffs in connection with their representation of the Settlement Class should be granted.

The proposed Settlement would resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by making materially false and misleading statements and/or omissions concerning the Company's $21.7 million transaction with Radient Technologies, Inc., which caused Aurora stock to trade on the New York Stock Exchange at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Aurora's stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind.  For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release ("Claim Form") by visiting the website: www.AuroraCannabisSecuritiesLitigation.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: *Aurora Cannabis Securities Litigation*, c/o JND Legal Administration, P.O. Box 91320, Seattle, WA  98111, or (ii) toll-free call: 1-877-495-6308.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2024.  You will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class.  If you exclude yourself, you cannot get money from this Settlement.  If you do not exclude yourself from the Settlement Class, you may object to the proposed Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than _____, 2024.  The long-form Notice and the Website explain how to exclude yourself from the Settlement Class or how to object.

Lead Plaintiffs and the Settlement Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA  92101, 1-800-449-4900, settlementinfo@rgrdlaw.com and Hagens Berman Sobol

Shapiro LLP, Lucas Gilmore, 715 Hearst Avenue, Suite 300, Berkeley, CA 94710, 1-510-725-3000, lucasg@hbsslaw.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

CARELLA, BYRNE, CECCHI,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel for Plaintiffs*


UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) | No. 2:19-cv-20588-BRM-JBC |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | ) ) | |
| | ) | EXHIBIT B |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 7, 2024 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased the common stock of Aurora Cannabis Inc. ("Aurora") on the New York Stock Exchange between October 23, 2018 and February 28, 2020, inclusive (the "Class Period"). Excluded from the Settlement Class are: (i) Defendants and the Former Defendants and members of their immediate families; (ii) the current and former officers and directors of Aurora and

- 1 -

members of their immediate families; (iii) any entity in which any Defendant or Former Defendant has a controlling interest or which is related to or affiliated with any Defendant or Former Defendant; (iv) Aurora's subsidiaries and affiliates or other entities owned or controlled by it; and (v) the legal representatives, agents, heirs, successors, administrators, executors, and assigns of each Defendant and Former Defendant. To the extent any Aurora employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any person or entity who is excluded from the Settlement Class by definition.

4.      Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

5.      The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the

- 2 -

Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma are finally certified as the Class Representatives and Robbins Geller Rudman & Dowd LLP and Hagens Berman Sobol Shapiro LLP are finally certified as Class Counsel.

7.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in

- 3 -

4893-7033-0799.v3

Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.      Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

10.     Upon the Effective Date, and as provided in the Stipulation, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any of the Released Defendant Parties, regardless of whether

4893-7033-0799.v3

such Settlement Class Member executes and delivers a Proof of Claim and Release form.

11.    Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Counsel.  Claims to enforce the terms of the Stipulation are not released.

12.    The notice of the pendency and proposed Settlement given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The

4893-7033-0799.v3

Court further finds that the notice provisions of the Class Action Fairness Act, 28
U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.
Thus, the Court hereby determines that all Settlement Class Members are bound by
this Judgment.

13.    The Escrow Agent shall maintain the Settlement Fund in accordance with
the requirements set forth in the Stipulation.  No Released Defendant Party shall have
any liability, obligation, or responsibility whatsoever for the administration of the
Settlement or disbursement of the Net Settlement Fund.

14.    Any Plan of Allocation submitted by Lead Counsel or any order entered
regarding any attorneys' fee and expense application shall in no way disturb or affect
this Judgment and shall be considered separate from this Judgment.

15.    Neither the Stipulation nor the Settlement contained therein, nor any act
performed or document executed pursuant to or in furtherance of the Stipulation or the
Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or
evidence of, the validity of any Released Claim, or of any wrongdoing or liability of
the Defendants or Defendants' Released Persons, or (b) is, or shall be deemed to be, or
shall be used as an admission of any fault or omission of any Released Defendant
Party in any statement, release, or written documents issued, filed, or made, or (c) is,
or may be deemed to be, or may be used as an admission of, or evidence of, any fault
or omission of any of the Defendants or Defendants' Released Persons in any civil,

- 6 -

criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Released Persons may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.    The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

19.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event

- 7 -

that the Settlement Fund, or any portion thereof, is returned to the Defendants or their

insurers, then this Judgment shall be rendered null and void to the extent provided by

and in accordance with the Stipulation and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to

the extent provided by and in accordance with the Stipulation, and the Settling Parties

shall revert to their respective positions in the Litigation as of March 4, 2024, as

provided in the Stipulation.

20.    Without further order of the Court, the Settling Parties may agree to

reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.    The Court directs immediate entry of this Judgment by the Clerk of the

Court.

IT IS SO ORDERED.

DATED: _____    _____

THE HONORABLE BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

4893-7033-0799.v3