```
                      UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

WILSON,                                .
                                       .
        Plaintiff,                     .
                                       . Case No. 19-cv-20588
vs.                                    .
                                       . Newark, New Jersey
AURORA CANNABIS INC., et al.,          . October 10, 2024
                                       .
        Defendants.                    .
                                       .
```

TRANSCRIPT OF PRELIMINARY APPROVAL OF SETTLEMENT HEARING
BEFORE THE HONORABLE JAMES B. CLARK, III
UNITED STATES MAGISTRATE JUDGE

APPEARANCES (the parties appeared via teleconference):

```
For the Plaintiffs:     KEVIN G. COOPER, ESQ.
                        Carella Byrne Cecchi Brody & Agnello
                        5 Becker Farm Road
                        Roseland, NJ 07068
                        (973) 994-1700
                        kcooper@carellabyrne.com

                        ELLEN GUSIKOFF STEWART, ESQ.
                        Robbins Geller Rudman & Dowd LLP
                        655 W. Broadway
                        San Diego, CA 92101
                        (619) 231-1058
```

```
Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES, LLC
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ  07457
                           (973) 237-6080
```

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(APPEARANCES continued)

For the Plaintiffs:   ALAN I. ELLMAN, ESQ.
                      Robbins Geller Rudman & Dowd LLP
                      58 S. Service Road
                      Melville, NY 11747
                      (631) 367-7100

                      MAGDALENE ECONOMOU, ESQ.
                      Robbins Geller Rudman & Dowd LLP
                      58 S. Service Road
                      Melville, NY 11747
                      (631) 367-7100

                      SHAYNE C. STEVENSON, ESQ.
                      Hagens Berman Sobol Shapiro LLP
                      1301 Second Avenue, Suite 2000
                      Seattle, WA 98101
                      (206) 268-9340
                      shaynes@hbsslaw.com

For the Defendants:   ANDREW JOSHUA LICHTMAN, ESQ.
                      Jenner & Block LLP
                      1155 Avenue of the Americas
                      New York, NY 10036
                      (212) 891-1644
                      alichtman@jenner.com

                      VIBHA KANNAN, ESQ.
                      Jenner & Block LLP
                      1155 Avenue of the Americas
                      New York, NY 10036
                      (212) 891-1742
                      Vkannan@jenner.com

                      JOHN A. BOYLE, ESQ.
                      Marino, Tortorella & Boyle, P.C.
                      437 Southern Boulevard
                      Chatham, NJ 07928
                      (973) 824-9300
                      Jboyle@khmarino.com

(Commencement of proceedings)

THE COURT:  Folks, Judge Clark here.

Let me say before we get started, we're on the record in In re Aurora Cannabis Inc. Securities Litigation. That is Civil No. 19-20588 (BRM).  And it is 20 minutes before noon on the morning of October 10th, 2024.

Can I have appearances of counsel for both sides.

MR. COOPER:  Good morning, Your Honor.  This is Kevin Cooper from Carella Byrne on behalf of the plaintiffs.

I'm joined by my colleagues from Robbins Geller and Hagens Berman, who will introduce themselves.

THE COURT:  Good morning.

MS. STEWART:  Good morning, Your Honor.  Ellen Gusikoff Stewart of Robbins Geller on behalf of the plaintiffs.

THE COURT:  Good morning.

MR. ELMAN:  Good morning, Your Honor.  Alan Elman and Magdalene Economou from Robbins Geller, also on behalf of the plaintiffs.

THE COURT:  Good morning.

MR. STEVENSON:  And good morning, Your Honor.  This is Shayne Stevenson at Hagens Berman on behalf of plaintiffs.

THE COURT:  All right.  Good morning.

MR. LICHTMAN:  Good morning, Your Honor.  This is

Andrew Lichtman, and I'm joined by my colleague Vibha Kannan from Jenner Block.

MR. BOYLE:  Good morning, Your Honor.  This is John Boyle from Marino Tortorella & Boyle as well.

THE COURT:  All right.  Good morning.

Who's going to speak -- to whom should I address questions on the plaintiffs' side?

MS. STEWART:  That would be me, Your Honor.  Ellen Gusikoff Stewart.

THE COURT:  And how about on defendants' side?

MR. LICHTMAN:  Andrew Lichtman, Your Honor.

THE COURT:  Okay.  All right.

We're here for the hearing on motion for preliminary approval of the class settlement.  It's unopposed.

The case -- or at least the motions for preliminary and final approval have been referred to me by order that was signed by Judge Martinotti, and it was a consent order signed by all the parties.

There are four lead plaintiffs; is that right, Ms. Stewart?

MS. STEWART:  I believe there are five, Your Honor.

THE COURT:  All right.  Let me ...

MS. STEWART:  Let me confirm that.  I apologize.  I had five in my -- one, two, three -- oh, you're right.  I'm

sorry, Your Honor. Four. There were four.

THE COURT: All right. So there's four lead plaintiffs.

MS. STEWART: There were originally -- yes. There were originally five. There are four now.

THE COURT: Okay.

So the -- as I said, the case was referred to me by a consent order signed by Judge Martinotti and all the parties. That is Docket Number 118.

The motion includes *inter alia*, a motion/notice of motion, which, it's all at Docket Number 112. It includes a memorandum of law in support of approval and other release; proposed forms of order to come out of this proceeding and any final approval proceeding; long and short form notices, and postcard notices and proof of claim form. That's among other things.

And the motion seeks among other things, the following: one, preliminary approval of the settlement is fair, adequate, and reasonable; two, conditional certification of the class; three, preliminary appointment of the plaintiffs as class members; four, preliminary appointment of class counsel; five, preliminary approval of the form and manner of giving notice of the proposed settlement to the class members; six, scheduling of a final fairness hearing; and, seven, entry of the preliminary

approval order.

Regarding what the case -- and I will -- I'm going to go -- I have a lot of things to go through, and I'm going to be stating, you know, facts about the case and things that have been presented to me in the motion.

I invite you -- in fact, I ask if either side, the text, that I have misstated something or made a mistake at any point along the way, as I go through all of this, please jump in, interrupt, and make the appropriate correction.

All right, Ms. Stewart, Mr. Lichtman?

MS. STEWART:  Yes, Your Honor.  Thank you.

THE COURT:  Okay.

MR. LICHTMAN:  Yes.

THE COURT:  What the case is about is outlined in pages 1 and 2 of the memorandum in support of preliminary approval.  It's Docket Number 112-1.  I incorporate that by reference here.

But to summarize, this securities class action arises out of defendants' orchestration and execution of a $21.7 million roundtrip sham transaction between Aurora and Radiant Technologies Inc., an entity affiliated with Aurora which Aurora used to inflate its revenue in an attempt to reach its positive EBITDA or earnings projections. Plaintiffs allege that these omissions caused Aurora's common stock to trade at artificially inflated prices during the

class period.  Plaintiffs allege that as the truth about Aurora's omissions was revealed through a series of corrective disclosures, the price of Aurora stock fell significantly, causing economic harm to plaintiffs and the settlement class.

The defendants continue to deny all of the plaintiffs' allegations of wrong-doing.

With respect to preliminary approval of the settlement, I need to engage in two steps:  Preliminary approval and then -- we have the preliminary approval hearing, and then down the road, we'll have a fairness hearing.

For the preliminary approval hearing, the parties need to show that the Court will likely be able to finally approve the proposal at the fairness hear- -- at the final fairness hearing, and under Rule -- under Federal Rule of Civil Procedure 23(e)(2) and that the Court will likely be able to certify the class under Federal Rule of Civil Procedure 23(e)(1)(B).

We need to determine whether the -- we need to determine a number of things when we're considering preliminary approval of the settlement, but primarily we need to consider whether it's fair, adequate, and reasonable under Rule 23(e)(2).

To consider -- to determine whether it's fair,

adequate, and reasonable under Rule 23(e)(2), we need to consider a number of things, and I would caution that all of my findings are preliminary here, and we will make final findings at a final approval hearing.

First, we need to determine whether the proposal was negotiated at arm's length. Here, it's clear to the Court that we have learned counsel on both sides. We've had motion practice, discovery, mediation with use of a respected mediator. It's clear that the negotiations were at arm's length.

Second, we need to determine whether the relief is adequate. And when we're determining whether the relief is adequate, we need to take into account under Rule 23(e)(2) a few critical factors: one, the costs, risks, and delay of truly and appeal. And, here, a good many will benefit from the settlement -- potentially thousands. Trial and appeal, particularly given current realities, will take years, and the outcome will be far from certain.

We also need to consider, when we're determining whether relief is adequate, the effectiveness of the method of distribution of proceeds. There will be elaborate notice provided, as outlined in the motion papers with many steps described, designed to assure effective distribution. That's Document 112-2, Exhibit A-1. JND Legal Administration is the class administrator.

|Preliminary Approval of Settlement Hearing
|19-cv-20588, October 10, 2024

Is that correct, Ms. Stewart?

MS. STEWART:  That is correct, Your Honor.

THE COURT:  And what kind of experience do they have?  I don't have anything, really, in the papers that outlines that.

MS. STEWART:  They are all -- actually former Garden City Group people.  I don't know if you've ever been -- had them as a claims administrator.  But they are all well regarded and very experienced claims administrators who have administered some very, very large and quite a number of New Jersey's settlements and other kinds of complex litigation since their founding.

We've used them on a number of occasions and have been very satisfied with the work that they've provided on behalf of the class.

THE COURT:  And they were retained on competitive terms; is that right?

MS. STEWART:  We did not do a competitive bid, but I can tell you that it is my firm's policy to review all invoices to make sure that -- on a monthly basis to make sure that the class is being adequately protected but yet also they're doing their work to make sure that we're getting the money -- notice out and the money to the people who are supposed to be getting it.

THE COURT:  Okay.  Given all that, it does sound

like they're a -- you know, we'll talk more about whether they should be preliminarily approved, but it does sound like we do have -- with them on board and with all of the notice that is going to be given, we have an effective method for the distribution of proceeds.

We also, when considering the -- whether the relief is adequate, need to look at the terms of the attorneys' fees.  Now, attorneys' fees are not finalized, but the agreement provides that class counsel may apply for attorneys' fees not to exceed 25 percent of the settlement amount and for costs of $150,000.

That's not inappropriate or out of line with fees and costs parameters in actions similar to this involving dollar amounts and numbers of claimants similar to those present here.  There's lots of time-consuming litigation, as I've already noted.  So the terms of the attorneys' fees didn't seem to militate against the finding that the relief is adequate here.

And given that we have a settlement fund of more than $8 million, even should the Court award the requested attorneys' fees and costs, there will be nearly $6 million in the settlement fund to distribute to class members.  That's significant.  I am not sure how many class members will file claims, and there may be many -- in fact, thousands.  But preliminarily to the Court, the fund seems adequate to fairly

compensate the class members.

So I think for all those reasons, the relief would be appear adequate when we're considering whether this is fair, adequate, and reasonable under Rule 23(e)(2).

We also -- and when we're doing this evaluation, need to find out if there are Rule 23(e)(3) agreements that need to be identified.

Ms. Stewart, are there?

MS. STEWART:  There is only those standard "blow" provision between the parties, which gives Aurora the ability to blow up the deal should opt-outs exceed an agreed-upon threshold.

THE COURT:  Okay.  Which is pretty standard; right?

MS. STEWART:  Yes.  There are no other agreements.

THE COURT:  All right.

We also, in considering whether it's fair, adequate, and reasonable, need to determine whether the proposal treats all potential claimants equally.  It certainly appears the claimants are to receive a pro rata share of the settlement fund, we need to determine whether the class representative and class counsel have adequately represented the class.

That appears so from my review of the papers. Class counsel has a great deal of experience, and all have clearly worked hard to achieve this result as, again,

outlined in the papers.

The Third Circuit has articulated a set of nine Girsh factors the Court should consider when determining the fairness of a proposed settlement.  Commonly, I would focus on them more carefully at the final fairness hearing, but there's no downside to mentioning them now.

They include, one, the complexity, expense, and likely duration of the litigation; two, the reaction of the class to the settlement; three, the stage of the proceedings and the amount of the discovery completed; four, the risks of establishing liability; five, the risks of establishing damages; six, the risks of maintaining the class action through the trial; seven, the ability of the defendants to withstand a greater judgment; eight, the range of reasonableness of the settlement fund in light of the best possible recovery; and, nine, the range of reasonableness of the settlement fund to a possible recovery in light of the attendant risks of litigation.  And for that I cite Girsh v. Jepson, 521 F.2d 153 at 157 (3d Cir. 1975).

I find preliminarily that all of these factors militate in favor of preliminary approval.  I further note that, based on all the foregoing factors and for all the reasons stated more comprehensively in the brief in support of this motion and the other papers, which I have incorporated by reference or do incorporate by reference

here, and the proposed settlement is fair and reasonable.  It represents the resolution of a bona fide dispute, and it is consistent with public policy.

The Court, therefore, finds that the proposed settlement is fairly -- preliminarily finds that the proposed settlement is fair, adequate, and reasonable under Rule 23(e)(2) and preliminary approves it.

With regard to preliminary certification of the class, we need, next, to determine if we likely will be able to certify the class under Federal Rule of Civil Procedure 23(e)(1)(B) and 23(a).  The proposed class includes all persons who purchased the common stock of Aurora Cannabis Inc. on the New York Stock Exchange between October 23rd, 2018, and February 28th, 2020, inclusive.

Excluded from the settlement class are, one, defendants and the former defendants and members of their immediate families; two, the current and former officers and directors of Aurora and members of their immediate families; three, any entity in which any defendant or former defendant has a controlling interest or which is related to or affiliated with any defendant or former defendant; four, Aurora's subsidiaries and affiliates or other entities owned or controlled by it; five, the legal representatives, agents, heirs, successors, administrators, executors, and assigneds of each defendant and former defendant; and, six, any persons

who properly exclude themselves by submitting a valid and timely request for exclusion.

To the extent any Aurora employee benefit plan receives a distribution from the net settlement fund, no portion shall be allocated to any person or entity who is excluded from the settlement class by definition.

So under Rule -- under Federal Rule of Civil Procedure 23(a), we talk about how we must find commonality, typicality, and numerosity with regard to the claims of the potential class members.  And with respect to that, we need to evaluate a few things.  First, is the class so numerous that joinder is impracticable?  And this is a securities action.  It has been represented in the papers that likely thousands of class members will be joining.  So joinder is clearly impracticable because the class is so numerous.

We need to determine whether questions of law or fact are common to the class.  Yes, that's obviously the case in a securities case like this.

We need to determine whether the claims or defenses of representative parties are typical to the class.  And, again, that seems obvious to the Court:  They are in the same boat as anybody who's going to join the classes, traded in the securities.

And we need to determine whether respective parties will fairly and adequately protect the class interests.  And

for the reasons I've discussed already, they do seem to have protected the class interests through their diligent prosecution of this litigation.  So I'm satisfied with that element under Rule 23(a).

Also, although it's not specified in Rule 23, we need to look at ascertainability when evaluating the proposed class.  The ascertainability inquiry is twofold requiring a plaintiff to show that, one, the class is defined with reference to objective criteria and, two, there is a reliable and administratively feasible mechanism to determine whether putative class members fall within the class definition.  For that, I cite Byrd v. Aaron's Inc., 784 F.3d 154 at 156 (3d Cir. 2015) and City Select Auto Sales v. BMW Bank of North America Inc., 867 F.3d 434 at 439 (3d Cir. 2017).

Here, the class definition uses object criteria that make class membership objectively verifiable, and there should be evidence in the stock purchase and sales records for the pertinent period that will precisely identify the putative class members.  Under Federal Rule of Civil Procedure 23(b), which gives three alternatives for finding that a class may be maintained if the 23(a) requisites are established, the parties steer the Court to 23(b)(3).  Under that provision, a class action may be maintained if the Court finds the questions of law or fact predominate and the class action is superior to other methods for fair and efficient

adjudication.

Subsections (A) through (D), give a nonexhaustive list of factors to consider in making this determination. And I have considered them.

Here, I find that the class representatives not only initiated this litigation but have approached it diligently and fairly; that it is desirable to deal with all the claims here; that it is not too difficult to concentrate the claims in this forum; and that the administration of this class action will be manageable.

The Court finds, therefore, that we will likely be able to certify the class and will now preliminarily do so. The Court does not intend that this order at this stage be final or appealable under Rule 23(f), and I would note that this -- that this is not a conditional finding but a preliminary finding.  And for that I cite In re NFL Player Concussion Litigation, Appeal Number 14-8103 (3d Cir. December 24th, 2014).

So, again, we do preliminarily certify the class as constituted.

Need to address the form and manner of the notice. Federal Rule of Civil Procedure 23(e) says that class members are entitled to notice of the settlement before any final approval.  Notice must be adequate to afford class members an opportunity to object to the proposed settlement or to opt

out of the class if they so desire.  The way that class notice distributed as well as its contents must satisfy Rule 23(c)(2), which governs class certification notice, Rule 23(e)(1), which governs settlement notice and due process.  And for that I cite <u>In re Ocean Power Techs. Inc.</u>, 2016 WL 6778218 at *9 (D.N.J. November 15, 2016), and <u>Kaplan v. Chertoff</u>, 2008 WL 200108 at *12-13 (E.D. Pa. January 24, 2008).

Rule 23(e) requires that the Court must direct notice in a reasonable manner to all class members who would be bound by the proposal.  That's Federal Rule of Civil Procedure 23(e)(1)(B).

As for due process, the notice must be reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  And I cite the <u>In re National Football League Concussion Litigation</u>, 821 F.3d, 410 at 446 (3d Cir. 2016) for that proposition.

Additionally Rule 23(c)(2) requires the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  Federal Rule of Civil Procedure 23(c)(2)(B).

Therefore, such notice should contain sufficient information to enable class members to make informed

decisions on whether they should take steps to protect their rights, including objecting to the settlement or, when relevant, opting out of the class. For that I cite In re Ocean Power Techs. Inc., 2016 WL 6778218 at *10, which quotes the National Football League Players Concussion Injury Litigation. Furthermore, it is well settled that in the usual situation, first-class mail and publication fully satisfy the notice requirements of both Federal Rule of Civil Procedure 23 and the due process clause. And we cite again, In re Ocean Power Techs. for that. It quotes Zimmerman Paper Products, 758 F.2d 86 at 90.

In this case, the content of the proposed cumulative class notice is provided with the moving papers, which includes the overall notice, the summary notice, and the postcard notice satisfies all of these requirements. The proposed class notice is written in plain English and is easy to read. It includes, one, a description of the class; two, a description of the claims asserted in the action; three, a description of the settlement and release of the claims; four, the deadlines for exercising the right to opt out; five, the identity of the counsel for the class; six, the final approval hearing date; seven, an explanation of eligibility for appearing at the final hearing; and, eight, the deadline for objecting to the settlement.

The class notice provides settlement class members

with clear and correct information about the nature and principal terms of the settlement agreement to make an informed and intelligent decision whether to object to the settlement or opt out.

In addition, the proposed class notice sets forth the maximum amount of attorneys' fees and expenses and awards that may be awarded under the settlement agreement.

The proposed plan for dissemination of the class notice likewise satisfies all Rule 23 and due process requirements as set forth in the moving papers.  The proposed notice program appears designed to reach the greatest practicable number of class members.  Direct mail notice via U.S. mail and email notice, where available, will be the principal methods of notice, providing class members with an opportunity to read, review, and understand their rights and options in this class action settlement.

Under the settlement agreement, the settlement administrator will send individualized class notices and claims forms to settlement class members by first-class mail at addresses revealed through appropriate investigation. Myriad additional safeguards are included, which are listed in the moving papers and proposed notices to ensure that the broadest number of potential class members receive notice and know how to receive -- and know how to exercise and protect their rights.

The proposed class notices and notice program comply with the standards of fairness, completeness, and neutrality required of a settlement class notice distributed under the authority of the Court, and the Court herewith approves that.  Again, I cite the <u>Ocean Power Techs.</u> Case, 2016 WL 6778218 at *10.

The parties also respectfully ask that the Court approve preliminarily retention of JND Legal Administration as the settlement administrator to oversee notice and claims administration for this settlement.  JND, which has been represented as having a wealth of experience administering complex class action settlements, has been retained on competitive and favorable terms -- or on favorable terms.  I find that JND is an appropriate settlement administrator and herewith preliminarily approve them as well.

I also need, lastly, to address the appointment of class counsel and the class representatives -- the preliminary appointment.  Pursuant to Rule 23, plaintiffs also move for preliminary certification of Doug Daulton, Francisco Quintana, Donald Parish -- Donald S. Parish, and Quang Ma as the class representatives, and Robbins Geller Rudman & Dowd LLP, and Hagens Berman Sobol Shapiro LLP as class counsel.

Rule 23(g) focuses on the qualifications of class counsel, complementing the requirement of Rule 23(a)(4) that

the representative parties adequately represent the interests of the class members.  And for that I referred to <u>Sorensen</u>, 606 F.3d at 132, 33, which says "Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of 23(a)(4) of the Federal Rules of Civil Procedure, those questions have, since 2003, been governed by Rule 23(g)."

Although a court may consider any factor concerning the proposed class counsel's ability to fairly and adequately represent the interests of the class, Rule 23(g) specifically instructs a court to consider, one, the work counsel has done in identifying or investigating potential claims in the action; two, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; three, counsel's knowledge of the applicable law; and, four, the resources that counsel will commit to representing the class.  And for that, I cite Rule 23(g)(1)(A).

Here, each of Rule 23(g)(1)(A)'s considerations weigh strongly in favor of finding class counsel adequate. Class counsel did substantial work -- and, again, preliminarily -- class counsel did substantial work identifying and investigating potential claims and properly supporting the allegations in the pleadings as part of their

investigation and work that guided the case through four long years of litigation, including a high-level mediation.  As the moving papers indicate, class counsel have substantial experience, both individually and collectively, successfully prosecuting class actions and other complex litigation, including claims of the type asserted in this action.  Class counsel's extensive efforts in prosecuting this case, combined with their in-depth knowledge of the subject area amply satisfy the criteria for appointment under Rule 23(g).

The Court further notes that plaintiffs initiated this litigation and have diligently pursued it through discovery, motions, and mediation for at least a few years.

I'm satisfied, then, therefore, that, at least preliminarily, that both the class representatives and class counsel are adequate and proper representatives and counsel, and I herewith preliminarily appoint them respectively as class counsel and class representatives.

I think that that addresses all of the items that were raised in the motion and that needed to be preliminarily ruled upon in this hearing, folks.

I do need to schedule a fairness hearing, and I have proposed order that was submitted.  It's Document 112-3. I trust you have access to it or you have it in front of you. Is that right?

MS. STEWART:  Yes, Your Honor.

THE COURT:  Okay.  I'd just like to go through that and get the right -- and get some dates in because a lot of blanks were left and I don't want to be left trying to figure out what dates are acceptable to the parties.  Maybe we just go through the dates now, and we get them right.

As I look through, the first blank date is on page 4, paragraph 6.  It says:  [As read] A hearing -- the settlement hearing -- shall be held before this Court on blank 2024 at blank, a date that is at least 100 calendar days from entry of this order.

My first question, Ms. Stewart, is it says a date that is at least 100 calendar days from entry of this order.

But we talk about the submission -- later in the order, we talk about the submission of proof of claims within 120 days of notice -- from the notice date.

Do those -- I mean, does that 120 days -- is that inconsistent with this 100?  Or does that work all right for you?

MS. STEWART:  No.  It's fine, Your Honor.  The claims deadline will be after the final approval --

THE COURT:  Okay.

MS. STEWART:  -- approval hearing, which is, you know, common and not an issue.

THE COURT:  Okay.

Well, then, why don't you propose to me a date 100

or more days out.  I'd probably do it in the afternoon at 2:00 P.M.  So just give me a date that you think works for you.

MS. STEWART:  I did some math, and assuming that the Court enters this order in the next couple of days, I think the week of January 27th -- so it's actually -- we bled into 2025.  But -- so I would ask counsel for defendants, that week is wide open on my calendar, so I don't know how it works on the Court's calendar, but I think it would be safe to do the week of the 27th of January or thereafter.

THE COURT:  Okay.  Does January 28th at 2 P.M. sound all right to everyone?

MR. LICHTMAN:  That works for defendants.  Thank you, Your Honor.

THE COURT:  All right.  Then I'm going to -- I'll write that in now.  We should be entering this order today or forthwith, fairly quickly.

All right.  So January 28th 2024 at 2- --

MS. STEWART:  2025, Your Honor.

THE COURT:  Okay.  Well, it says 2024.  Yeah, we need to change that to 2025.

At 2:00 P.M.  All right?

Okay.  That's the first one.

Then we move on to page 6, paragraph 10, sub(A). It says, "Not later than blank 2024, the notice date, a date

21 calendar days after entry of this order -- of the Court by this order."

Assuming we enter the order today, what should I put in?

MS. STEWART:  It would be October 31st.

THE COURT:  So October 31st works for you.  All right?

MS. STEWART:  Yes.

THE COURT:  I'll put October 31st in there.

Let me move down to the bottom of this page, sub(B), it says, "Not later on blank 2024, a date seven calendar days after the notice date."

What date do you want me to stick in here?

MS. STEWART:  November 7th, Your Honor.

THE COURT:  All right.  November 7th.

All right.  We turn to page 8, bottom of the page. It says, "Unless the Court orders otherwise, all proofs of claim must be postmarked or submitted electronically no later than."  Do we have a date we want to insert there?

MS. STEWART:  I'm going to do a little math.

THE COURT:  Okay.  Just give me one second.

MS. STEWART:  Okay.  So that date will be -- that date will be February 27th.

THE COURT:  All right.  February 27th, 2025.  I'll make that correction.  All right.

Moving on, the next blank date is at the bottom of page 9.  It says, "Any such person must submit to the claims administrator a signed request for exclusion that is postmarked no later than."

MS. STEWART:  January 6th, 2025.

THE COURT:  Okay.  January 6th, 2025.  All right.  We've got that.

Now, moving along, I've got the bottom -- well, middle of page 11, and then the bottom of page 11.  It says first class -- "no settlement class member or any person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by -- written objections and copies of the papers and briefs such that they are received, not simply postmarked on or before."

MS. STEWART:  That date will be January 6th, both of those blanks will be January 6th, 2025.

THE COURT:  Okay.  January 6th, 2025, and January 26th, 2025.

All right.  We've got that.

We're getting there.

The next one I see are two blanks at the top of page 14, "All opening briefs and supporting documents and in support of settlement."

MS. STEWART:  Okay.  The first one is December 23rd.

THE COURT:  All right.  December 23rd.

MS. STEWART:  And the second one is January 20th, which I think is a holiday.  It's Martin Luther King Day, I believe.  Yeah.

So we'll make that the 17th of January.

THE COURT:  All right.  January is 17th.

MS. STEWART:  2025.

THE COURT:  All right.  I think that's it.  I just need to date it and so-order it, and I'll put my name in place of Judge Martinotti.

MS. STEWART:  Thank you.

THE COURT:  But I think -- now, the only other question -- I will probably include language in the prefatory language of the order that just says -- you know, it says for good cause shown and blah, blah, blah.  I may also add in "and for the reasons stated on the record, October 10th, 2024."  All right?  Just if somebody were to refer to this.

MS. STEWART:  Okay.

And, Your Honor, is this going to be an in-person hearing?

THE COURT:  I think we can do it telephonically unless you guys feel otherwise.

Do you want to do it in person or?

MS. STEWART:  I think we should probably set it for in person in case in the event we have objectors; I think

it's probably important that we're all there.

THE COURT:  Okay.  Do we anticipate having objectors?

MS. STEWART:  No.  But, you know.

THE COURT:  Well, I mean, sometimes people know, oh, god, I'm going to have hundreds of objectors.

All right.  Does the order say -- I can't remember, does the order say in person?  Or it doesn't say anything?

MS. STEWART:  It doesn't say anything.  I know the notices do say that it's possible that, you know, it could be a remote hearing, and you should check -- you should check the website.  But I guess we should let -- we can be definitive in the notice if it's going to be in person would also -- you know, an opportunity for objectors.  Obviously, we don't anticipate anybody, but who knows? -- that they do have an opportunity to remote-in if they want to.

THE COURT:  Okay.  All right.

Look, we'll -- I'll leave the order the way it is. We'll assume that it's going to be in person, but, as you say, notices will indicate that it could be remote instead. And we'll decide that as we get closer to the date.  All right?

MS. STEWART:  Sounds good.  Thank you, Your Honor.

THE COURT:  One last thing, Ms. Stewart.  You know, the document 112-3, the order is about 15 pages long, 16

pages exact.  And then you have a number of exhibits attached to it.

Do you anticipate my filing the order with these exhibits attached?

MS. STEWART:  You don't have to.  We'll -- we'll fill in the dates.  Once we have the order, we'll fill in the dates into the notices.  Those are just the copies of the notice.

THE COURT:  Okay.

MS. STEWART:  We'll fill those in, and then JND will type-set, you know, to put the notices in forms that they'll be mailed and --

THE COURT:  All right.  So I will file just the first 16 pages, the actual order, and we'll leave the rest of them out when we put something on the docket.

The only other observation I had, folks, is, look, these are preliminary findings.  So I think I have a certain degree of latitude.  And, you know, the motion brief and the papers that were submitted gave me, I think, enough of a basis to make the findings that I made today.

But when we get to the final and, you know, we're determining the final adequacy of the class representatives and the administrator and counsel and we're determining counsel's experience and counsel's effort expended and all, it would be preferable if you submitted some declarations

with all that information.  All right?

MS. STEWART:  Yes, we absolutely will.  And that's the standard practice is do that at final approval stage.  You'll have declarations from the plaintiff and from counsel.

THE COURT:  Okay.  All right.

Well, I think we are done for today unless somebody has something else.

Anybody have anything else?

MS. STEWART:  Not on the plaintiffs' side.  Thank you, Your Honor.

THE COURT:  Okay.

And on defendants' side, there were no objections to any of this, and you don't have anything to add do you?

MR. LICHTMAN:  I do not.  Thank you very much, Your Honor.

THE COURT:  Okay.  All right, folks.  Have a good day.

(Conclusion of proceedings)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 31 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

s/ *Sara L. Kern*                              24th of October, 2024

_____    _____
Signature of Approved Transcriber              Date


Sara L. Kern, CET**D-338
King Transcription Services, LLC
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080