CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Local Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) ) ) ) | No. 2:19-cv-20588-BRM-JBC  <br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) ) | LEAD PLAINTIFFS' NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF: (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)  <br><br>Motion Return Date:  January 28, 2025 |

Lead Plaintiffs Doug Daulton, Francisco Quintana, Donald S. Parrish, and Quang Ma ("Lead Plaintiffs"), by their undersigned attorneys, respectfully submit this reply in further support of their motion for final approval of the $8.05 million Settlement, approval of the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and payment of expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).

## I. The Settlement, Plan of Allocation, and Fee and Expense Awards Warrant the Court's Approval

In their opening briefs, Lead Plaintiffs and Lead Counsel provided ample legal support and factual bases to establish that the Settlement, Plan of Allocation ("POA"), and Fee and Expense Application satisfy all relevant factors and warrant final approval.[1]  Final Approval Memorandum (ECF 122-1), §§IV; V. A-E; VI; Fee Memorandum (ECF 123-1), §III.  Lead Plaintiffs are pleased to report that, after an extensive notice process, the Settlement Class has overwhelmingly supported the applications that are before this Court.  Each should be approved.

---

[1]  Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Stipulation of Settlement, dated June 7, 2024 (ECF 112-2) (the "Stipulation") or in the Declaration of Alan I. Ellman in Support of: (I) Lead Plaintiffs Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees, Expenses, and Awards to Lead Plaintiffs Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 122-2).

- 1 -

### A. The Overwhelmingly Positive Reaction of the Settlement Class Supports Final Approval of the Settlement and POA

The Third Circuit instructs district courts to consider the "'reaction of the class to the settlement.'" *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citation omitted). The question is not merely whether any class members object, as courts recognize that objections are filed in "nearly every class action settlement today." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016). Rather, under this second *Girsh* factor, courts consider whether "the number of objectors, in proportion to the total class, indicates that the reaction of the class to the settlement is favorable." *In re Schering-Plough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at *2 (D.N.J. Oct. 1, 2013). The Settlement Class's response to the Court-approved notice program here unquestionably supports approval of the Settlement and POA.

As detailed in the Supplemental Declaration of Luiggy Segura ("Supp. Segura Decl."), submitted herewith, over 515,000 Postcard Notices were mailed or emailed to potential Settlement Class Members and nominees. In addition, the Summary Notice was transmitted over *PR Newswire* and published in *The Wall Street Journal*. *See* ECF 122-7 at ¶14. The Notice, Proof of Claim, Stipulation, Preliminary Approval Order, and other relevant documents were also posted to the website dedicated to the Litigation and Settlement. *Id*. at ¶15.

The January 6, 2025 deadline for objections has now passed, and there have been *zero* objections to the Settlement or POA.  Given the size of the Settlement and of the Settlement Class, that there were no objections is noteworthy.  When the number of objections is this low (zero here), the "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (affirming final approval where there were only three objections to the settlement and one to the plan of allocation).  *See In re Humanigen, Inc. Sec. Litig.*, 2024 WL 4182634, at *5 (D.N.J. Sept. 13, 2024) ("The absence of any objections by Class Members and the small number of requests for exclusion relative to the apparent size of the Class strongly weigh in favor of approval of the Settlement.").[2]

Because all of the factors under Rule 23, *Girsh*, and *Prudential* have been met, including the universal support of the Settlement Class, the Settlement and POA should be approved.

## B. Lead Counsel's Fees and Expenses and Lead Plaintiffs' Awards Should Also Be Approved

Lead Counsel's requested fees and expenses also have the overwhelming support of the Settlement Class.  *See In re Lucent Techs., Inc., Sec. Litig.*, 327 F.

---

[2]  Only 21 requests for exclusion from the Settlement Class were received.  *See* Supp. Segura Decl., Ex. A.

Supp. 2d 426, 435 (D.N.J. 2004) (approving fee over nine objections and stating that "the lack of a significant number of objections is strong evidence that the fees request is reasonable"). For the reasons stated herein and in the Fee Memorandum, these requests should also be approved.

Lead Counsel's request for attorneys' fees and expenses, approved by the Lead Plaintiffs, is entitled to a presumption of reasonableness. *See* Fee Memorandum at 8-9. As explained in the Fee Memorandum, the fee request is supported by each of the Third Circuit *Gunter* factors.[3] *Id*. at 9-21. Lead Counsel's representation of Lead Plaintiffs and the Settlement Class was wholly contingent and subject to considerable risk; the result achieved was excellent; the result was obtained through hard-fought litigation by skilled and experienced counsel; and the requested fee is at or below fee percentage awards in numerous comparable cases cited therein. *See id. See also In re Humanigen*, 2025 WL 4182634, at *12 (25% fee "is within the reasonable range of awards approved by the Third Circuit"). Should the Court determine to conduct one, the requested fee is also reasonable under a lodestar cross-check, as the requested fee represents a negative multiplier of 0.426 on counsel's lodestar. Fee Memorandum at 3, 21-24.

In addition, in assessing attorneys' fees, courts consider "the presence or absence of substantial objections by members of the class to the settlement terms

---

[3] *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000).

- 4 -

and/or fees requested by counsel." *Gunter*, 223 F.3d at 195 n.1. In particular, courts look to whether there are objections by "'sophisticated' institutional investors," which have "considerable financial incentive to object [if] they believed the requested fees were excessive." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), as amended (Feb. 25, 2005).

Here, the Settlement Class overwhelmingly supports the fee request. Not a single investor (institution or individual) objects to the fee request. Rather, after over 515,000 Postcard Notices were sent out, not a single investor objected to the fee request. This overwhelmingly positive reaction confirms that the fee should be approved. *See Rite Aid*, 396 F.3d at 305 (noting lack of objection by institutional investors and stating that two objections out of 300,000 receiving notice was a "rare phenomenon").

As discussed in the Fee Memorandum, the fee request is supported by all of the factors applied by Third Circuit courts and should be granted. Fee Memorandum, §§III.A.-III.D.

**II.    Conclusion**

The Settlement reached by Lead Counsel is an excellent one under the circumstances. For the reasons set forth herein and in the previously submitted memoranda and declarations, Lead Plaintiffs and Lead Counsel respectfully request that this Court approve the Settlement, POA, and Lead Counsel's requested fees and

expenses, including awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4).

Proposed Orders are being submitted herewith.

DATED: January 17, 2025

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND


*s/ James E. Cecchi*
JAMES E. CECCHI

5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Local Counsel*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ALAN I. ELLMAN
(admitted *pro hac vice*)
MAGDALENE ECONOMOU
(admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
aellman@rgrdlaw.com
meconomou@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

HAGENS BERMAN SOBOL
  SHAPIRO LLP
STEVE W. BERMAN
(admitted *pro hac vice*)
SHAYNE C. STEVENSON
(admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com
shaynes@hbsslaw.com

HAGENS BERMAN SOBOL
  SHAPIRO LLP
REED R. KATHREIN
LUCAS GILMORE
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

- 8 -

SCHALL LAW FIRM
BRIAN SCHALL
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  310/301-3335
310/338-0192 (fax)
brian@schallfirm.com

*Additional Counsel*