CARELLA, BYRNE, CECCHI,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
DONALD A. ECKLUND
5 Becker Farm Road
Roseland, NJ 07068
Telephone: 973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
decklund@carellabyrne.com

Local Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re AURORA CANNABIS INC. SECURITIES LITIGATION | ) No. 2:19-cv-20588-BRM-MAH ) ) CLASS ACTION |
| This Document Relates To: | ) ) ) |
| ALL ACTIONS. | ) ) ) |

[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiffs moved this Court for an order approving a distribution plan for

the Net Settlement Fund in the above-captioned securities class action ("Action").

Having reviewed and considered all the materials and arguments submitted in support

of the motion, including the Memorandum of Law in Support of Lead Plaintiffs'

Motion for Approval of Distribution Plan and the Declaration of Luiggy Segura in

- 1 -

Support of Lead Plaintiffs' Motion for Approval of Distribution Plan ("Segura Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated June 7, 2024 (ECF 112-2) ("Stipulation"), and the Segura Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Segura Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a)      The administrative determinations of the Court-approved Claims Administrator, JND Legal Administration ("JND"), to accept the Timely Eligible Claims set forth in Exhibit E to the Segura Declaration and the Late but Otherwise Eligible Claims set forth in Exhibit F to the Segura Declaration are adopted.

(b)      The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit G to the Segura Declaration, including the Disputed Claims discussed in paragraph 36(a)-(e) of the Segura Declaration and Exhibit D to the Segura Declaration, are adopted.

(i)      Claim ID: PJ8H6-5GE37 is rejected;

- 2 -

(ii)    Claim ID: PTJG4-2NFC6 is rejected;

(iii)    Claim ID: PRFMA-WVZX2 is rejected;

(iv)    Claim ID: PGUY3-V255W is rejected;

(v)    Claim ID: PCZM6-J3QH7 is rejected; and

(vi)    Claim ID: PHBP9-78JY6 is approved for payment.

(c)    JND is directed to conduct the Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, notice administration costs and expenses, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees.

Specifically, as set forth in paragraph 50(a) of the Segura Declaration: (1) JND will calculate award amounts for all Authorized Claimants. JND will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants; (2) JND will then eliminate from the Initial Distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00. These claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND; (3) After eliminating claimants who would have received less than $10.00, JND will recalculate the *pro rata* shares of the

Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who will receive $10.00 or more. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; and (4) the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $10.00 or more.

(d)     To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and JND are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 50(b) of the Segura Declaration.

(e)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions set forth in paragraph 50(b) of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in a subsequent distribution. Similarly, Authorized Claimants who do not cash their distribution checks in any subsequent distributions, should such distributions occur, within the time allotted or on the conditions set forth in paragraph

- 4 -

50(b) of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

(f)      After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (as provided in paragraph 50(b) of the Segura Declaration), but not earlier than six (6) months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct a subsequent distribution, in which any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants who cashed their Initial Distribution check and are entitled to receive at least $10.00 from such subsequent distribution based on their *pro rata* share of the remaining funds.   If any funds remain in the Net Settlement Fund, and if cost-effective, subsequent distributions will take place at six-month intervals.

(g)      When Lead Counsel, in consultation with JND, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining funds will be donated to Legal Services of New Jersey.

(h)      No new Claims may be accepted after October 15, 2025, and no further adjustments to Claims received on or before October 15, 2025, that would result in an increased Recognized Claim Amount may be made for any reason after October 15, 2025, subject to the following exception.  If Claims are received or modified after October 15, 2025, that would have been eligible for payment or

additional payment pursuant to the Court-approved Plan of Allocation if timely received or modified, then, at the time that Lead Counsel, in consultation with JND, determine a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these claimants, at the discretion of Lead Counsel and to the extent possible, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

4.     The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims

Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.     Unless otherwise ordered by the Court, JND may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

6.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this _____ day of _____ 2026.

_____
THE HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.     Unless otherwise ordered by the Court, JND may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

6.     This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this _____ day of _____ 2026.

_____
THE HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

- 7 -